739 F.2d 34
 18 Ed. Law Rep. 844
 Lorraine GARGIUL, Plaintiff-Appellant,
v.
Virgil E. TOMPKINS, Individually and as District
Superintendent of Liverpool Central School District, James
Johnson, Individually and as Acting Superintendent of
Liverpool Central School District, Dennis Jones,
Individually and as Coordinator of Personnel of Liverpool
Central School District, Dr. Paul Day, Individually and as
Chief Medical Inspector for the Liverpool Central School
District, F. Robert Kolch, Individually and as Clerk of the
Board of Education of the Liverpool Central School District,
Arthur D. Little, Bruce C. Vojt, Emilio Chasse, Doris Ann
Connor, David A. Files, Marie Hartwell, Richard J. Hayko,
Toni Anne Morris, Lloyd J. Spafford, as Individuals and as
Members of the Board of Education of the Liverpool Central
School District, the Board of Education of the Liverpool
Central School District, Liverpool, New York, and Arnold
Dettor, as Hearing Officer appointed pursuant to New York
State Education Law, Defendants-Appellees.
 No. 1267, Docket 82-7482.
 United States Court of Appeals,
Second Circuit.
 Originally Argued Nov. 19, 1982.
Decided March 29, 1983.
Remanded from the United States
Supreme Court Feb. 21, 1984.
Decided July 6, 1984.
 
 1
 James M. Sullivan, Jr., P.C., Syracuse, N.Y., for plaintiff-appellant.
 
 
 2
 Kenneth A. Windstein, Syracuse, N.Y., O'Hara, Fletcher, Felice & Crough, Syracuse, N.Y., for defendants-appellees.
 
 
 3
 Before FEINBERG, Chief Judge, OAKES, Circuit Judge, and TENNEY, District Judge.*
 
 
 4
 TENNEY, District Judge.
 
 
 5
 This action is before the Court pursuant to an order of the Supreme Court, Tompkins v. Gargiul, --- U.S. ----, 104 S.Ct. 1263, 79 L.Ed.2d 670 (1984), which vacated our prior judgment and remanded the case for consideration in light of Migra v. Warren City School Dist. Bd. of Educ., --- U.S. ----, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). We, in turn, reverse and remand for consideration in light of New York law regarding the preclusive effect of prior state court proceedings.
 
 Background
 
 6
 A full history of the administrative and judicial proceedings instituted by plaintiff-appellant on the state level is set out in our prior opinion, Gargiul v. Tompkins, 704 F.2d 661 (2d Cir.1983), and will not be repeated here. In summary, Lorraine Gargiul ("Gargiul"), a tenured schoolteacher in the Liverpool Central School District in New York, was dismissed from her position in 1977 on the ground of incompetency. The dismissal followed over two years of suspension without pay. She had been suspended when she refused, after an extended sick leave, to submit to a physical examination by the male school district physician. She explained that it was against her "creed" to be examined by a male physician and offered to be examined, at her own expense, by a female physician. Her offer was refused. She unsuccessfully challenged her suspension in state administrative proceedings and in a separate state court proceeding under Article 78, brought against the Board of Education of the Liverpool Central School District ("Board"). Subsequent to her dismissal, Gargiul instituted a second Article 78 proceeding against the Board and Arnold Dettor ("Dettor"), a hearing officer, in which, without success, she again raised the propriety of her suspension and, for the first time, challenged her dismissal. Gargiul sought to appeal both state court decisions, but leave to appeal was denied.
 
 
 7
 Early in the course of the state proceedings, Gargiul commenced this action in federal district court under 42 U.S.C. Sec. 1983 (Supp. V 1981) ("Sec. 1983"), challenging both her suspension without pay and her dismissal on the ground that defendants impermissibly infringed on her right to substantive due process, and particularly, on her right to privacy. In this action, she names as defendants not only the Board and Dettor, who were defendants in the state court proceedings, but also the members of the Board and various officials and employees of the Liverpool Central School District, in their individual as well as their official capacities. The district court granted summary judgment in favor of defendants and dismissed the action on the ground that plaintiff had failed to state a claim on which relief could be granted.
 
 
 8
 In our prior opinion, we considered, inter alia, whether the prior state proceedings barred Gargiul's present claims under Sec. 1983, and we affirmed in part and reversed in part. We applied what was then the law in this circuit concerning res judicata and collateral estoppel in Sec. 1983 actions, and we found that Gargiul's claims regarding her dismissal were precluded under collateral estoppel, but that the two claims challenging her suspension were not barred. Following Lombard v. Board of Educ., 502 F.2d 631, 635-37 (2d Cir.1974), and its progeny, we stated that, notwithstanding the federal full faith and credit statute, 28 U.S.C. Sec. 1738 (1982) ("Sec. 1738"),[1] a prior state court proceeding does not bar federal court consideration of constitutional claims not actually litigated and determined in the state court proceeding. Applying this rule, we first found that the suspension claim which was never considered on the merits in any prior proceeding--judicial or administrative--was not barred. Further, with respect to the other suspension claim, we followed federal law in determining the effect to be given to a prior administrative decision on the merits. See Mitchell v. National Broadcasting Co., 553 F.2d 265, 276 (2d Cir.1977). We said that, where there had been no subsequent judicial review, an adverse administrative decision on the merits of a claim would not preclude Gargiul's litigation of the same claim under Sec. 1983.
 
 
 9
 Thus, we found that under federal law Gargiul was not barred from bringing, in total, two of her constitutional claims. Finally, in reaching the merits we found that she had stated a claim based on the violation of her right to substantive due process, but see 704 F.2d at 669 (Oakes, J., concurring in the judgment) (plaintiff stated a claim based on her right to privacy), and we reversed and remanded the judgment of dismissal with respect to this claim.
 
 Discussion
 
 10
 In Migra v. Warren City School Dist. Bd. of Educ., supra, the Supreme Court determined that Sec. 1738 requires that federal courts afford prior state court proceedings the same claim preclusive effect in Sec. 1983 actions that the state courts themselves would afford those proceedings. In reviewing Gargiul's claim in light of this holding, we find that all of them fall squarely within the Migra rule. This is not a case in which there were no prior proceedings at the state level, or in which the state proceedings were not judicial, cf. McDonald v. City of West Branch, Mich., --- U.S. ----, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) (Sec. 1738 does not require that the federal courts give preclusive effect to arbitration proceedings since they are not judicial). Rather, this is a case in which there have been two proceedings in state court, during which appellant raised all of the claims now presented in the federal forum.
 
 
 11
 There is no question therefore that Gargiul's prior proceedings in the state courts must be reviewed under New York law to determine whether the New York courts would afford them preclusive effect in the context of Gargiul's present claims. In the course of this analysis, it will be necessary to determine the significance, if any, of the lack of identity among the parties to the state and federal actions.
 
 
 12
 The judgment of the district court is reversed and remanded to the district court for proceedings consistent with this opinion.
 
 
 
 *
 Honorable Charles H. Tenney, Senior District Judge of the Southern District of New York, sitting by designation
 
 
 [1]
 28 U.S.C. Sec. 1738 provides in pertinent part:
 The records and judicial proceedings of any court of any such State, Territory or Possession ...
 ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.