Kenneth W. DePratt and Barbara DePratt, Plaintiffs-Respondents-Petitioners,

v.

West Bend Mutual Insurance Co., a Wisconsin corporation, Larry Unger, Ronald Moore, John Goetz and Fran Wewers, Defendants-Respondents,

United States Fidelity & Guaranty Co., a foreign corporation, and John A. Sergio, d/b/a John A. Sergio Crane Service, Defendants-Appellants.

Supreme Court

*No. 82–725. Argued May 31, 1983.—Decided July 1, 1983.*

(Also reported in 334 N.W.2d 883.)

For the petitioners there were briefs by *Howard A. Davis, Patrick O. Dunphy* and *Habush, Habush & Davis, S.C.,* Milwaukee and oral argument by *Howard A. Davis.*

For the defendants-appellants there was a brief by *Bernard J. Hankin* and *Kluwin, Dunphy, Hankin & Mc-Nulty,* Milwaukee, and oral argument by *Bernard J. Hankin.*

BEILFUSS, C.J. This is a review of an unpublished decision of the court of appeals filed October 19, 1982. The action arises out of an accident at a construction site. The plaintiffs, Kenneth W. and Barbara DePratt, originally brought a tort action for damages against John A. Sergio (Sergio) and his insurer, United States Fidelity and Guaranty Company (U.S.F. & G.). Summary judgment was entered in favor of the defendants and against the plaintiffs. That judgment was affirmed by this court. *DePratt v. Sergio,* 102 Wis. 2d 141, 306 N.W.2d 62 (1981).

While that action was before this court, the plaintiffs brought the present action against the same two defendants, which included a claim for tort damages. The defendants again moved for summary judgment on two grounds: (1) This action was barred by the doctrine of *res judicata,* and (2) there was no genuine issue of

material fact. The trial court denied the motion, finding that the first action raised only the issue of Sergio's liability under the doctrine of *respondeat superior*, while this action raises the issue of Sergio's own acts of negligence. It therefore concluded that there was not the identity of issues needed in order to apply the doctrine of *res judicata*. It also held that summary judgment was precluded because there were genuine issues of fact.

The defendants were granted leave to appeal this non-final order of the trial court and the court of appeals reversed. The court held that the doctrine of *res judicata* barred this action, applying the "transactional" view of *res judicata* as embodied in Secs. 24 and 25 of the Restatement (Second) of Judgments. The court also held that summary judgment was appropriate because there was no issue of material fact. We granted the plaintiffs' petition for review.

The two issues before this court on review are whether the plaintiffs' claims are barred under the doctrine of *res judicata* by the summary judgment entered in the original action and, if not, whether there is any genuine issue of material fact concerning Sergio's negligence, thus precluding summary judgment. We hold that the doctrine of *res judicata* was correctly applied by the court of appeals, thus entitling the defendants to summary judgment. There is therefore no need to address the issue of whether there was an issue of material fact because the doctrine of *res judicata* precludes the trial of any such issue even if it were found to exist. We further believe the court of appeal's decision, as written by Judge William R. Moser, correctly and thoroughly analyzed the issue of the application of the doctrine of *res judicata* to this case. Therefore, in the interest of judicial efficiency and economy, we adopt that part of the court of appeal's decision which discusses and

applies the doctrine of *res judicata* as the opinion of this court. That part of the court of appeals decision reads as follows:[1]

"Kenneth W. DePratt (DePratt) was injured while working on a construction site while in the employ of Metal Buildings of Wisconsin, Inc. (Metal Buildings). Metal Buildings, a subcontractor for purposes of steel erection, used the services of various crane companies to aid construction. At the time involved here, Sergio's crane company was being used, and Fran Wewers (Wewers), one of his employees, was operating a crane carrying a steel beam from which DePratt fell.

"DePratt initally sued Sergio under the doctrine of *respondeat superior* alleging that Sergio was the employer of Wewers and that Sergio had violated the safe-place statute. Sergio moved for summary judgment arguing that Wewers was a loaned employee and that Sergio was not his employer. On June 27, 1979, the trial court granted the motion. This court[2] and the supreme court[3] affirmed the trial court.

"On August 8, 1980, DePratt filed the instant action alleging that Sergio was independently negligent for failing to inform Wewers about OSHA regulations. On July 8, 1981, Sergio moved for summary judgment, contending that the instant action was *res judicata*. On April 9, 1982, the trial court entered a memorandum decision and an order denying the motion. Sergio appeals from this order.

"Sergio presents two issues on appeal: (1) whether the doctrines of estoppel by record of *res judicata* bar the instant negligence claim; and (2) whether there is

---

[1] The footnotes in the court of appeal's decision as quoted and adopted by this court begin with footnote number two.

[2] *DePratt v. Sergio*, 79–1243 slip op. (Wis. Ct. App. Jan. 16, 1980).

[3] *DePratt v. Sergio*, 102 Wis. 2d 141, 306 N.W.2d 62 (1981).

a genuine issue as to any material facts concerning Sergio's negligence.

"Sergio argues that the doctrines of estoppel by record or *res judicata* bar DePratt's negligence claim. Estoppel by record prevents a party from litigating again what was actually litigated or might have been litigated in a former action.[4] The doctrine of *res judicata* is closely related.[5] We determine that the doctrine of *res judicata* is applicable to this appeal and agree with Sergio that DePratt's instant negligence claim is barred by the former judgment.

"On review of a determination as to whether the doctrine of *res judicata* applies, we are presented with a question of law.[6] As to questions of law, an appellate court need not give special deference to determinations of the trial court.[7]

"The doctrine of *res judicata* states that a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings.[8] A valid and final judgment on the merits in favor of the defendant bars another action by the plaintiff on the same claim or cause of action.[9] A summary judgment in favor of the defendant is sufficient to meet the

---

[4] *Leimert v. McCann*, 79 Wis. 2d 289, 293, 255 N.W.2d 526, 528 (1977).

[5] *Id.*

[6] *Kamp Implement Co. v. Amsterdam Lumber*, 533 P.2d 1072, 1076 (Mont. 1975); *Agnew v. Union Const. Co.*, 291 S.W.2d 106, 109 (Mo. 1956).

[7] *Bruner v. Kops*, 105 Wis. 2d 614, 618, 314 N.W.2d 892, 894 (Ct. App. 1981).

[8] *Barbian v. Lindner Bros. Trucking Co.*, 106 Wis. 2d 291, 296, 316 N.W.2d 371, 374 (1982).

[9] Restatement (Second) of Judgments, sec. 19 (1982).

requirement of a conclusive and final judgment.[10]   A judgment on the merits may be entered without a trial.[11] The purpose of the doctrine of *res judicata* is to prevent repetitive litigation.[12]   Fairness to the defendant and sound judicial administration require that at some point litigation over the particular controversy must come to an end.[13]

"Under the doctrine of *res judicata,* in order for the first action to bar the current action, there must be an identity of parties and an identity of causes of actions or claims in the two cases.[14]   Here, we clearly have an identity of parties.  However, we must determine whether there exists an identity of causes of actions or claims.

"The Restatement (Second) of Judgments adopts a transactional view of claim or cause of action.[15]  Comment a to section 24 states:

'The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights.  The transaction is the basis of the litigative unit or entity which may not be split.'[16]

"We also adopt the transactional view of claim or cause of action.  Wisconsin's modern procedural system pro-

[10] *Id.* comment g.

[11] *A C Storage Co. v. Madison Moving & Wrecking Corp.,* 38 Wis. 2d 15, 19, 155 N.W.2d 567, 569 (1968).

[12] *Zgela v. State,* 30 Wis. 2d 671, 675, 142 N.W.2d 224, 226 (1966).

[13] Restatement (Second) of Judgments sec. 19 comment a (1982).

[14] *Barbian,* supra, note 8.

[15] Restatement (Second) of Judgments sec. 24 (1982).

[16] *Id.* comment a.

vides the parties with an adequate method of fully developing the entire transaction in the one action going to the merits to which the plaintiff is ordinarily confined. It permits the presentation in the action of all material relevant to the transaction without artificial confinement to any single substantive theory or kind of relief without regard to historical forms of actions.[17]

"Section 25 of the Restatement states that a plaintiff's second claim is barred even though he or she is prepared in the second action: (1) to present evidence or grounds or theories of the case not presented in the first action; or (2) to seek remedies or forms of relief not demanded in the first action.[18] Illustration 1 to this section reads:

'1. A brings an action against B, alleging that A was employed by B, that B did not furnish A a safe place to work, and that as a result A suffered personal injuries. After a verdict and judgment for B, A brings a new action for the same injuries alleging other acts of negligence on the part of B, for example, improper instruction by B's foreman. The second action is precluded.'[19]

"Here, DePratt initially sued Sergio alleging a violation of the safe-place statute. After summary judgment was granted, DePratt brought a second action alleging independent acts of negligence on Sergio's part. We note that the safe-place statute does not create a new cause of action; it merely establishes an increased standard of care, the violation of which is negligence.[20] Accordingly, we hold that this second claim arises from the same transaction as the first claim; therefore, the claims are identical, thus, the second claim is barred

"[17] *Id.*

"[18] Restatement (Second) of judgments sec. 25 (1982).

"[19] *Id.* comment b, illustration 1.

"[20] *Gould v. Allstar Ins. Co.,* 59 Wis. 2d 355, 361, 208 N.W.2d 388, 391 (1973)."

under the doctrine of *res judicata,* because this claim could have been litigated in the former proceeding."

*By the Court.*—The decision of the court of appeals is affirmed and cause remanded with directions to enter summary judgment in favor of the defendants.

STEINMETZ, J., took no part.