**Alexander KRISON**

v.

**Robert G. NEHLS, Secretary and Executive Director, Annuity and Pension Board, Employees' Retirement System of the City of Milwaukee, and Annuity and Pension Board, Employees' Retirement System of the City of Milwaukee, Defendants-Appellees.**

No. 84–2431.

United States Court of Appeals, Seventh Circuit.

Argued April 23, 1985.

Decided July 11, 1985.

Thomas R. Fahl, Brendal, Flanagan, Sendik & Fahl, S.C., Milwaukee, Wis., for plaintiff-appellant.

Roxane L. Crawford, Asst. City Atty., Milwaukee, Wis., for defendants-appellees.

Before CUMMINGS, Chief Judge, CUDAHY, Circuit Judge, and TIMBERS, Senior Circuit Judge.[*]

TIMBERS, Circuit Judge.

Alexander Krison appeals from a judgment entered July 17, 1984 in the Eastern District of Wisconsin, Robert W. Warren, *District Judge*, dismissing, pursuant to Fed.R.Civ.P. 12(b)(6), an action brought pursuant to 42 U.S.C. § 1983 (1982) alleging a denial of due process in state administrative proceedings. The district court held that prior state court proceedings barred the federal action under the doctrine of res judicata. Appellant also appeals from an order entered August 1, 1984 denying his motion for reconsideration.

For the reasons stated below, we affirm.

I.

Appellant Alexander Krison is a retired police officer of the City of Milwaukee. Appellee Robert G. Nehls is the Secretary and Executive Director of appellee Annuity and Pension Board (the "Board") of the Employees' Retirement System of the City of Milwaukee. The Board is a municipal corporation organized under the laws of the State of Wisconsin. We shall briefly summarize only those facts and prior proceedings believed necessary to an understanding of our rulings on this appeal.

Appellant, who had been a patrolman for many years, sustained a heart attack on July 2, 1975. He thereafter required substantial surgery and medical treatment. On April 1, 1976, he filed an application for duty disability retirement in accordance with the provisions of § 36.05 of the Milwaukee City Code. This benefit is provided to "[a]ny member in active service who shall become permanently and totally incapacitated for duty as the natural and proximate result of an injury occurring at some definite time and place *while in the actual performance of duty*". Milwaukee City Code § 36.05(3)(a) (emphasis added). The Board, following the procedure set forth in § 36.05(3), referred appellant's application to a medical panel. The panel prepared a report which was submitted to the Board on June 9, 1976. The report concluded that appellant's medical condition did not result from an injury that occurred in the actual performance of his duty as a patrolman. The Board adopted this finding and denied the application for duty disability retirement on July 16, 1976. Appellant then was advised of his right to appeal and was told that, pursuant to § 36.05(4), if he wished to appeal, his petition for rehearing before the Board must be filed within 30 days after the Board's denial of his application. Appellant did not appeal. Instead, he elected to retire and began receiving regular retirement benefits. He alleges in the instant complaint that he did not appeal because he was not represented by counsel, he lacked medical information at that time to support his claim and, during the substantial period of time required for the appeal, he would not be eligible to receive any retirement pay.

Appellant subsequently retained counsel. On September 13, 1980, more than four years after the Board's denial of his disabil-

* The Honorable William H. Timbers, Senior Circuit Judge of the United States Court of Appeals for the Second Circuit, is sitting by designation.

ity application, appellant requested the Board, on the basis of newly-developed medical evidence, to permit the filing of a new application for duty disability benefits or, in the alternative, to permit the reopening of his 1976 application. The Board denied the two requests on December 23, 1980 and July 17, 1981 respectively.

Appellant then sought to appeal from the Board's original denial of his 1976 application. This was denied by the Board. He then commenced an action for a writ of certiorari in the Circuit Court of the State of Wisconsin. The Board moved to quash the writ. Oral argument was heard on March 29, 1982. The Circuit Court on August 13, 1982 granted the Board's motion to quash, holding that appellant's failure to exercise his administrative remedies in 1976 deprived both the Board and the Circuit Court of subject matter jurisdiction.

Appellant then appealed to the Wisconsin Court of Appeals from the August 13, 1982 order of the Circuit Court, raising three questions: (1) whether the provisions of § 36.05 precluded the reopening of his previously-filed application or the filing of a second application; (2) whether the Circuit Court had jurisdiction to consider his petition for certiorari; and (3) whether § 36.05, as applied to him, deprived appellant of due process. On November 8, 1983, the Court of Appeals summarily affirmed the Circuit Court order, holding that appellant's failure to appeal from the Board's initial decision within the statutory 30 day period deprived the Board of any authority to award the benefits sought. The Court of Appeals also held that the failure to raise the due process claim in the trial court constituted a waiver of that claim on appeal. The Supreme Court of Wisconsin denied appellant's petition for review.

While appellant's appeal to the Court of Appeals was pending, he moved in the Circuit Court for reconsideration of its August 13, 1982 order, explicitly raising the due process claim in that court for the first time. On December 8, 1982, the court denied the motion, holding that appellant had not given any reason under Wisconsin law for failing to present the claim initially. The court concluded that "the rule favoring finality of judgments" does not "permit a disappointed litigant to change legal theories once a case has been decided" and would "encourage litigants to try their cases in a piecemeal fashion". No appeal was taken from the December 8, 1982 order denying reconsideration.

Appellant then commenced the instant action in the Eastern District of Wisconsin pursuant to 42 U.S.C. § 1983 (1982), claiming that the Board's refusal to reopen his application or to permit the filing of a second application denied him due process. On November 14, 1983, appellees moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that it was barred by the doctrine of res judicata. On July 17, 1984, the court filed a reasoned opinion granting the motion and dismissing the action. On August 1, 1984, the court denied appellant's motion for reconsideration. This appeal followed.

## II.

We wish to make it clear at the outset that we do not reach the merits of appellant's constitutional challenge to § 36.05 of the Milwaukee City Code and the action of the Board. The district court held only that appellant's § 1983 claim was barred by the doctrine of res judicata because appellant could have raised, but did not raise, his due process claim in the state court proceedings. We agree with the result reached by the district court, but by a different analysis.

█ A federal court in a § 1983 action is bound by the full faith and credit statute, 28 U.S.C. § 1738 (1982),[1] to give a prior

---

1. 28 U.S.C. § 1738 provides in relevant part: "Such Acts, records and judicial proceedings or copies thereof ... shall have the same full faith and credit in every court within the United States and its Territories and Posses-

sions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

state court judgment the same preclusive effect as would the courts of the state in which the judgment was rendered. *Migra v. Warren City School District,* —— U.S. ——, ——, 104 S.Ct. 892, 896 (1984); *Hagee v. City of Evanston,* 729 F.2d 510, 512 (7th Cir.1984). This rule applies with equal force to claims that could have been raised, but were not, in the state court proceedings. *Migra, supra,* —— U.S. at ——, 104 S.Ct. at 897–98; *Hagee, supra,* 729 F.2d at 512.

■ There is a constitutional limitation, however, on the operation of § 1738 which requires a federal court to determine whether the application of state preclusion law would violate due process. *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 482 (1982); *see Loudermill v. Cleveland Bd. of Educ.,* 721 F.2d 550, 556–57 (6th Cir.1983), *aff'd on other grounds,* —— U.S. ——, 105 S.Ct. 1487 (1985). Before we can reach the issue of claim preclusion under Wisconsin law, therefore, it is necessary for us first to determine whether, as a matter of federal law, appellant was afforded "a full and fair opportunity to litigate" his claim in the state court proceedings. *Kremer, supra,* 456 U.S. at 480–81.

■ To qualify for the full faith and credit provided in § 1738, "state proceedings need no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Kremer, supra,* 456 U.S. at 481. The fact that the prior state action was "in the nature of certiorari" to review an administrative proceeding does not deprive the earlier action of its preclusive effect if the court had the "authority to review substantive legal claims beyond administrative review." *Casagrande v. Agoritsas,* 748 F.2d 47, 48–49 (1st Cir.1984) (per curiam); *see Gargiul v. Tompkins,* 739 F.2d 34, 36–37 (2d Cir.1984); *Lee v. City of Peoria,* 685 F.2d 196, 201–02 (7th Cir.1982). In Wisconsin, the scope of judicial review in a certio-

rari action extends to the question of whether the administrative action complained of violated "the guaranties of 'due process' found in the state and federal constitution." *State ex rel. Wasilewski v. Board of School Directors of the City of Milwaukee,* 14 Wis.2d 243, 263, 111 N.W.2d 198, 209 (1961), *appeal dismissed and cert. denied,* 370 U.S. 720 (1962); *see State ex rel. Smits v. City of De Pere,* 104 Wis.2d 26, 31, 310 N.W.2d 607, 609 (1981).

■ Appellant does not challenge the district court's conclusion that the constitutional claim could have been raised in the certiorari action in the state court. Rather, he argues that he *did* raise the claim but the court refused to decide it. We disagree.

First, the Wisconsin Court of Appeals already has held, as did the Circuit Court on rehearing, that appellant did not raise the constitutional claim in the trial court. Appellant does not argue that he was deprived of a full and fair hearing on that claim in the Court of Appeals. That court's decision, therefore, on the claim is entitled, as a matter of collateral estoppel or "issue preclusion", to full faith and credit to the same extent that a judgment on the merits precludes relitigation of a claim. *Allen v. McCurry,* 449 U.S. 90, 101 (1980).

Second, while we do not reach the merits of the issue, we note that appellant's own citation to the Circuit Court proceedings demonstrates his failure adequately to raise the issue. During oral argument in that court, appellant's counsel stated:

> "If the City charter ordinance addressed this problem and indicated that a proceeding could not be reopened on the basis of newly discovered evidence we would probably be in trouble with any position we are taking. Perhaps it would be unconstitutional, violation of due process, *but we are not dealing with that* . . . ." (emphasis added).

This provision implements the full faith and credit clause of the United States Constitution. U.S. Const. Art. IV, § 1.

Appellant also argues, somewhat inconsistently, that his due process claim did not arise until the Circuit Court interpreted § 36.05 to preclude reopening his initial application and to prohibit the filing of a second application. We disagree. Appellant's due process claim arose, as he alleges in his complaint in the instant action, when the *Board* declined to reconsider his application for duty disability benefits under either method proposed by appellant. It was the Board's interpretation of § 36.05 and the action it took in accordance with that interpretation that prompted his petition for certiorari in the Circuit Court in the first instance. The necessary facts existed and were known to appellant at the time he first sought judicial review of the Board's action. He could have raised his due process claim at that time.

We conclude that appellant had the opportunity to raise his constitutional claim in the state court, but either did not raise it at all or failed to raise it in conformity with state procedure as interpreted by the Wisconsin Court of Appeals. In either event, he was not denied due process by the state court proceedings. While due process requires the opportunity to be heard at a meaningful time and in a meaningful manner, *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965); *Cameo Convalescent Center, Inc. v. Senn*, 738 F.2d 836, 843 (7th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 780 (1985), it does not require, as the doctrine of res judicata itself demonstrates, that the opportunity be afforded at the time and in the manner of one's own choosing. It is clear that the Wisconsin courts would have considered appellant's due process claim had he raised it in conformity with that state's procedure.

We hold that the Wisconsin judgment is entitled to full faith and credit under § 1738. It now remains to be determined whether the courts of that state would give the judgment preclusive effect.

### III.

As a general matter, the doctrine of res judicata, or "claim preclusion," applies to "repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are therefore bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1877)." *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948). The essential elements of the doctrine, therefore, are (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later actions; and (3) an identity of parties or their privies in the two actions. *Lee, supra*, 685 F.2d at 199.

Wisconsin law on res judicata follows the general rule stated above and includes claims "which were litigated or which might have been litigated in the former proceedings." *DePratt v. West Bend Mutual Ins. Co.*, 113 Wis.2d 306, 310–11, 334 N.W.2d 883, 885 (1983). Wisconsin has adopted the "transactional" approach to determine whether a claim is barred by res judicata. *DePratt, supra*, 113 Wis.2d at 311–12, 334 N.W.2d at 886. This approach, which is gaining greater acceptance by courts nationwide, focuses on the factual situation in which the actions arise. *Hagee, supra*, 729 F.2d at 513 & n. 5. "If both suits arise from the same transaction, incident or factual situation, res judicata generally will bar the second suit." *Id.* at 513.

Appellant does not, nor could he, argue that the instant action arises from facts different from those that formed the basis of the earlier action. Indeed, aside from arguing that he was denied the opportunity to litigate his constitutional claim in the state court (and we having rejected that argument,) appellant presents no argument

to suggest that the Wisconsin courts would not give the earlier judgment preclusive effect. Nor do we detect any reason why they would not. It is undisputed that the instant action involves the same parties and the same operative facts. It also is clear that the prior state court judgment was a final judgment on the merits.

■■■■■ Appellant's essential claim with regard to the earlier judgment is that, in his view, the state court decisions underlying that judgment were incorrect. Even if that were so, it would not alter the preclusive effect of the judgment under Wisconsin law. *Dodge v. Carri-Craft, Inc.*, 332 F.Supp. 651, 654 (E.D.Wis.1971); *Mueller v. Derwae*, 175 Wis. 580, 586, 185 N.W. 202, 204 (1922). Nor does § 1983 permit "relitigation of federal issues decided after a full and fair hearing in a state court simply because the state court's decision may have been erroneous." *Allen v. McCurry, supra*, 449 U.S. at 101. The lower federal courts do not sit in review of state courts.

We hold that the decision by appellant to pursue his claim in the state courts to a final judgment on the merits precludes his maintaining the instant action in the federal court.

AFFIRMED.