**Craig T. BATES, Plaintiff,**

v.

**DEPARTMENT OF CORRECTIONS,**
**Department of Parole, et al.,**
**Defendants.**

**No. 90–C–1113.**

United States District Court,
E.D. Wisconsin.

Sept. 23, 1991.

Craig T. Bates, pro se.

James E. Doyle, Atty. Gen. by Frank D. Remington, Asst. Atty. Gen., Madison, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On November 16, 1990, the *pro se* plaintiff, Craig T. Bates, presently incarcerated at the Fox Lake Correctional Institution [FLCI], filed an action seeking redress under 42 U.S.C. § 1983 for various constitutional violations alleged to have been committed by numerous Waupun Correctional Institution officials and employees. The plaintiff had been an inmate at Waupun prior to his transfer to the FCLI. On February 5, 1991, this court granted the plaintiff's request to proceed in forma pauperis but denied Mr. Bates' motion for the appointment of counsel.

The case was referred to United States Magistrate Judge Robert L. Bittner pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 13, Section 13.03, for a recommendation on the parties' cross-motions for summary judgment and two other motions. On June 27, 1991, Magistrate Judge Bittner recommended that the district court deny the defendants' motion for summary judgment, deny the plaintiff's motion for summary judgment, grant the plaintiff's motion to amend his complaint and grant the defendants' motion for enlargement of time to file an answer. All of these recommendations will be adopted.

Under 28 U.S.C. § 636(b)(1), a party may file written objections to the magistrate judge's recommendations within ten days after being served with a copy of the recommendation. A de novo determination by the district court need only be made as to those portions of the recommendations to which an objection is made. 28 U.S.C. § 636(b)(1).

The file discloses that the defendants have timely filed an objection to the magistrate judge's recommendation denying the defendant's motion for summary judgment. This objection asserts that the plaintiff was barred by the doctrine of res judicata from prosecuting his § 1983 action and, correspondingly, that the magistrate judge's "discussion in the recommendation is inconsistent with its conclusion." *See* Objection to Magistrate Bittner's Recommendation Denying Defendant's Motion for Summary Judgment at 1.

In support of the objection, the defendants quote from the portion of the recommendation discussing the components necessary to bar an action by the doctrine of *res judicata*, which states:

It is undisputed that a final judgment on the merits was entered by the state court and that the parties here are the same as the parties in the state court proceeding. This satisfies the first and third elements under the doctrine of *res judicata*. The question, however, is whether the plaintiff satisfied the second element, under the Wisconsin transactional approach.

Further, the defendants next quote the magistrate judge's conclusion that "[t]he defendants have demonstrated the second element of the doctrine of *res judicata.*" The defendants contend that these statements—which amount to a conclusion that all three components of the doctrine of res judicata were demonstrated—are in conflict with the magistrate judge's ultimate conclusion: that the instant action is not barred by the doctrine of res judicata because "neither the disciplinary committee nor the state court in its certiorari review had 'jurisdiction' to enter the plaintiff's claim for damages."

This court has undertaken a de novo review as to this portion of the magistrate judge's recommendation; the court concurs with the magistrate judge's conclusion that the defendants are not entitled to summary judgment as a matter of law.

## I.

The following facts are undisputed: On November 15, 1989, while Mr. Bates was an inmate at Waupun, he and another inmate were alleged to have exchanged in "gang hand signals" in violation of prison policies and procedures. On November 16, 1989, Mr. Bates and the other inmate were issued allegedly identical conduct reports pertaining to this incident and charging them with a violation of prison policy and procedure. *See* Wis.Admin.Code § HSS 303.63.

After a hearing before the disciplinary committee on December 5, 1989, Mr. Bates was found guilty of violating institutional policies and procedures. However, on the same day and, a mere 15 minutes after Mr. Bates' hearing, the other inmate who was charged with the same violation was found not guilty of violating the institutional rules.

Thereafter, the administrative appeals filed by Mr. Bates were denied by defendant Gary McCaughtry (the superintendent at Waupun), and the decision of the disciplinary committee was thereby affirmed. On December 20, 1989, Mr. Bates filed a motion for leave to proceed in forma pauperis in connection with a petition for a writ of certiorari in Dane County Circuit Court pursuant to § 814.29 Wis.Stats. On December 28, 1989, the state circuit court entered an order granting the plaintiff's motion to proceed in forma pauperis. On September 20, 1990, the state circuit court issued a decision and order granting the plaintiff's writ of certiorari on the ground that the disciplinary committee's decision was arbitrary and not supported by substantial evidence.

Thereafter, on November 16, 1990, Mr. Bates filed three items with this court that initiated his present action: a complaint (pursuant to 42 U.S.C. § 1983), a motion to proceed in forma pauperis, and a motion for the appointment of counsel. In his complaint, Mr. Bates alleges that his constitutional rights—namely, his rights to religious freedom under the first amendment right, his rights to due process and equal protection under the fourteenth amend-ment, and his right to be free from cruel and unusual punishment under the eighth amendment right—were violated by the disciplinary committee on December 5, 1989.

After this court granted Mr. Bates' motion to proceed in forma pauperis and denied his accompanying motion for the appointment of counsel, the defendants filed a motion for summary judgment and a motion for enlargement of time to file an answer. In their motion for summary judgment, the defendants contend that the plaintiff had a full and fair opportunity to litigate all of his claims in his state certiorari action. Accordingly, the defendants maintain that the doctrine of res judicata bars the plaintiff from pursuing his present § 1983 action.

## II.

■ The effect, if any, that the state court judgments have on the plaintiff's present claim under 42 U.S.C. § 1983, depends on the effect that the Wisconsin judgments have under Wisconsin law. *See* 28 U.S.C. § 1738 (federal courts are to afford the same full faith and credit to state court judgments that would apply in the state's own courts); *Krison v. Nehls*, 767 F.2d 344, 347–48 (7th Cir.1985); *Patzer v. Board of Regents of University of Wisconsin System*, 763 F.2d 851, 855 (7th Cir. 1985).

■ Under Wisconsin law, in order for the prior action to bar the present action, there must have been (1) a final judgment on the merits, (2) an identity of the cause of action in the state proceedings and this suit, and (3) an identity of parties or their privies in the two suits. *See DePratt v. West Bend Mutual Insurance Company*, 113 Wis.2d 306, 311, 334 N.W.2d 883 (1983); *Patzer*, 763 F.2d at 855. Wisconsin courts have adopted a transactional approach to determining whether two suits involve the same cause of action. *See DePratt*, 113 Wis.2d at 311–312, 334 N.W.2d 883. According to the transactional approach, "[i]f both suits arise from the same transaction incident or factual situation, *res judicata* will generally bar the second suit." *See*

*Krison,* 767 F.2d at 349 (interpreting *De-Pratt,* 113 Wis.2d 306, 334 N.W.2d 883).

This court is convinced that the first and third components of the res judicata doctrine have been demonstrated. It is undisputed that a final judgment on the merits was entered by the state court; equally undisputed is that the present action involves the same parties as the state court proceeding.

Also, this court is convinced that in light of the transactional approach adhered to by Wisconsin courts, the cause of action in the state proceeding is identical to the cause of action asserted in the present 42 U.S.C. § 1983 action such that the second component to the doctrine of res judicata is also demonstrated.

Here, both the state action (wherein plaintiff sought a writ of certiorari) and the present 42 U.S.C. § 1983 action, derive from the same "transaction, incident or factual situation": specifically, the action taken by the disciplinary committee as a result of the events that occurred at Waupun on November 15, 1989.

■ Notwithstanding that the plaintiff presently seeks a different remedy than that sought at the state court proceeding, there is but one cause of action asserted by the plaintiff. In the state court proceedings the plaintiff sought a writ of certiorari; now, in his instant § 1983 action, he seeks monetary relief. Nevertheless, it is well established that res judicata precludes a plaintiff's claim in his second action even where the plaintiff seeks remedies or forms of relief that were not demanded in the former action. *See Patzer,* 763 F.2d 851, 855–856; *DePratt,* 113 Wis.2d at 312, 334 N.W.2d 883. Accordingly, this court believes that there is an identity of cause of action in the state court proceeding and the plaintiff's instant action such that the second component of the doctrine of res judicata is also demonstrated.

■ Having concluded that all three components to the doctrine of res judicata are present, the court must now determine whether there is an applicable exception to the doctrine of res judicata where it is demonstrated that matters were not raised at the state court proceeding and the state court did not have jurisdiction to hear the matters.

In *Patzer,* the court of appeals for the seventh circuit recognized an exception to the general rule of res judicata:

> In general, res judicata does not operate to bar matters that were not raised before the administrative agency and over which it did not have jurisdiction.

*Patzer,* 763 F.2d at 857. Significantly, neither the disciplinary committee nor the state court in its certiorari review had jurisdiction to award the plaintiff damages. As previously noted, res judicata precludes a plaintiff's claim in his second action even where the plaintiff seeks remedies or forms of relief not demanded in the former action; however the court of appeals in *Patzer* recognized an exception to res judicata where the relief was not demanded in the first action and the state court did not have jurisdiction to award the relief.

I conclude that the objection to the magistrate judge's recommendation should not be sustained. Mr. Bates did not have a "full and fair opportunity" to pursue his claim for damages because the disciplinary committee and the state court were without jurisdiction to hear the claim. Accordingly, this court concurs with the magistrate judge's recommendation that res judicata should not bar the present § 1983 action.

Therefore, IT IS ORDERED that the magistrate judge's findings and recommendations be and hereby are adopted as the decision and order of this court.

IT IS ALSO ORDERED that the defendants' motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment be and hereby is denied.

IT IS FURTHER ordered that the plaintiff's motion to amend his complaint be and hereby is granted.

IT IS FURTHER ORDERED that the defendants' motion for enlargement of time to file an answer be and hereby is granted. The defendants are directed to file an an-

swer no later than twenty (20) days from the date of this order.