IN RE the PATERNITY OF NATHAN T.:

MAX T., Appellant,

v.

CAROL O., Respondent.

Court of Appeals

*No. 92-2011. Submitted on briefs December 29, 1992.—Decided January 12, 1993.*

(Also reported in 497 N.W.2d 740.)

For the appellant the cause was submitted on the briefs of *Kevin G. Klein* of *Willett & Klein, S.C.,* Phillips.

For the respondent the cause was submitted on the brief of *James M. Isaacson* of *Falkenberg & Isaacson,* Cadott.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Max T. appeals a judgment and an order granting Carol O.'s motion to dismiss his petition to determine the paternity of Nathan T. Max contends that the trial court erred by concluding that his petition to determine paternity was barred by res judicata because Max was adjudged the father in a prior divorce action in which he was a party. He argues that res judicata does not apply because the issue of paternity was never litigated and new evidence has come to light that renders the finding of paternity inequitable. Because we conclude that res judicata precludes Max from collaterally attacking the conclusive determination of paternity and that his appropriate remedy is to petition the trial court to reopen the divorce judgment under sec. 806.07, Stats., we affirm.

Max and Carol were married in June 1983, and Nathan was born in March 1984. In November 1984, Carol petitioned for a divorce. At the time of the petition, Max resided in Louisiana and appeared at the final divorce hearing by his attorney. In 1985, the trial court found that Max was Nathan's father and ordered that Max continue to pay child support for Nathan and entered its judgment of divorce.

Subsequently, Max allegedly received information leading him to believe he was not Nathan's father. He then commenced the present action by filing a petition to determine Nathan's paternity. Carol responded by moving the trial court to dismiss Max's petition, contending res judicata barred the action. The trial court granted the motion because it found that although Max did not appear personally in the divorce action and did not testify concerning Nathan's paternity, he was repre-

354

sented by an attorney and the divorce judgment included a specific finding that Max was Nathan's father.

Whether res judicata bars a claim is a question of law that we review independently of the trial court's determination. *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 310, 334 N.W.2d 883, 885 (1983). For res judicata to bar a second action, the parties and the causes of action or claims must be the same as in an earlier action. *Id.* Here, the parties are the same. Therefore, we must determine whether the causes of action or claims are the same.

Max argues that res judicata is inapplicable because the issue of Nathan's paternity was not litigated or questioned during the divorce proceeding. However, application of res judicata does not depend upon actual litigation of the issue. *Id.* at 311, 334 N.W.2d at 885. Res judicata renders final judgments "conclusive in all subsequent actions between the same parties as to all matters which were litigated *or which might have been litigated* in the former proceedings." *Id.* at 310, 334 N.W.2d at 885 (emphasis added). Max had the opportunity to litigate the issue of paternity during the divorce proceeding. He failed to raise the issue, and the trial court determined that he was Nathan's father. Therefore, we conclude that res judicata bars Max from commencing a paternity action to address the issue of paternity that was previously addressed in a divorce proceeding.

Max cites *In re T.R.B.*, 154 Wis. 2d 637, 454 N.W.2d 561 (Ct. App. 1990); *Johnson v. Johnson*, 157 Wis. 2d 490, 460 N.W.2d 166 (Ct. App. 1990); *In re D.L.H.*, 142 Wis. 2d 606, 419 N.W.2d 283 (Ct. App. 1987); and *State ex rel. M.L.B v. D.G.H.*, 122 Wis. 2d 536, 363 N.W.2d 419 (1985), in support of his proposi-

tion that res judicata does not apply to the present action. These cases fail to support his argument. Also, *Johnson* and *M.L.B.* direct Max that the proper remedy is to petition the trial court to reopen the divorce judgment under sec. 806.07, Stats.

In *T.R.B.*, we held that a trial court may not dismiss a paternity action initiated by a man who claimed to be the father of a child whose mother was married to someone else, without conducting a hearing to determine whether the paternity action was in the child's best interests. *Id.* at 638, 454 N.W.2d at 561. Unlike the present action, *T.R.B.* was commenced by a third party claiming paternity of a child born to a woman who was married at the time of conception and birth. It is inapposite to Max's attempt to relitigate paternity that has already been determined in a prior judgment.

In *D.L.H.*, we held that a trial court may not dismiss a paternity action without the parties' consent. That case did not involve a collateral attack of a final judgment concerning paternity. Its holding applies only to paternity issues not previously determined.

*M.L.B.* and *Johnson* involved the issue whether the alleged father was entitled to have the final judgment concerning paternity reopened under sec. 806.07, Stats. Max has not chosen this route to challenge the divorce judgment, and these cases do not support his argument that he is entitled to collaterally attack the judgment by initiating a new paternity proceeding.

The issue here is not whether Max is entitled to relief from the portion of the divorce judgment determining him to be Nathan's father. Rather, the issue is whether he may seek relief from that judgment by collaterally attacking it in a new action. We conclude that, under the doctrine of res judicata, he may not do so. The

appropriate remedy in this case is for Max to move the trial court to reopen the divorce judgment under sec. 806.07, Stats. Because whether Max is entitled to relief under sec. 806.07 is discretionary with the trial court, *see Nehls v. Nehls*, 151 Wis. 2d 516, 518, 444 N.W.2d 460, 460-61 (Ct. App. 1989), we do not address that issue.

*By the Court.*—Judgment and order affirmed.