124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David G. STAUFFACHER, Plaintiff-Appellant,
v.
TELEDYNE INDUSTRIES, INC., Teledyne, Inc., Allegheny
Teledyne Incorporated, and Teledyne Continental
Motors, Defendants-Appellees.
 No. 97-1576.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 18, 1997.*
Decided August 29, 1997.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 96 C 926; Barbara B. Crabb, Judge.
 Before FLAUM, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In 1994 David Stauffacher sued for a second time Teledyne Continental Motors and its various corporate relatives (referred to herein as "Teledyne") under a variety of theories, based on his dissatisfaction with the quality of the Teledyne Continental engine installed in his Piper Malibu single-engine airplane. The engine had failed in flight; he managed to glide to an emergency landing without personal injury. Teledyne removed the case to federal court under its diversity jurisdiction, 28 U.S.C. § 1332, and moved to dismiss. The district court granted the motion on the basis of claim preclusion and failure to state a claim. We affirm.
 
 
 2
 This was not the first time a Teledyne engine had failed in Stauffacher's Malibu, nor the first time he had sued Teledyne: in 1990 he filed a similar lawsuit based on the 1987 in-flight failure of the original engine and on problems he encountered with a replacement engine supplied by Teledyne under the original engine's warranty. After two successive trials, the district court granted judgment as a matter of law to Teledyne. This panel affirmed on the ground that Stauffacher had failed to prove damages with reasonable certainty. Stauffacher v. Teledyne Continental Motors, No. 92-2686, 1993 WL 460683 (7th Cir. Nov. 8, 1993) (unpublished order).
 
 
 3
 In the present case, Stauffacher contends the 1994 failure of the replacement engine provides him with a new cause of action, though he concedes his allegations are "similar." Wisconsin follows a transactional approach to claim preclusion analysis, as embodied in the Restatement (Second) of Judgments. DePratt v. West Bend Mut. Ins. Co., 334 N.W.2d 883, 884 (Wis.1983); see also Krison v. Nehls, 767 F.2d 344, 349 (7th Cir.1985). The district court held that the bulk of Stauffacher's claims, including among others fraud, breach of contract, breach of duty of good faith, strict liability, negligent design, and failure to warn, were precluded because they arose from the same transactions--the purchases of the original and replacement engines--and either were or could have been brought in the first lawsuit. Stauffacher cites the Restatement (Second) of Judgments § 24(2) cmt. f for the proposition that the second engine failure "may be made the basis of a second action not precluded by the first." Id. We agree with the district court that Stauffacher misunderstands the meaning of this comment. The Restatement merely permits use of previously litigated matters to shed light on a new claim based on new circumstances. See Juneau Square Corp. v. First Wis. Nat. Bank, 364 N.W.2d 164, 171 (Wis.App.1985); cf. Marx v. M & I Bank, 17 F.3d 1012, 1017 (7th Cir.1994). Stauffacher, despite his protestations to the contrary, here relies on the 1994 incident to show that the original judgment against him was incorrect. There was no new transaction and thus Stauffacher has no new, unprecluded claim.[1]
 
 
 4
 The district court allowed that Stauffacher's remaining claim, alleging Teledyne's breach of warranty on the replacement engine, arguably did arise out of the 1994 incident. As the court held, however, Stauffacher failed to allege any facts showing that Teledyne breached any duty. Even if we were to find that Stauffacher was entitled to warranty service at the time of the second failure, we note that he provided Teledyne with no opportunity to repair the allegedly defective engine. Instead, he replaced the engine himself with a different and more powerful model. For lack of a reasonable opportunity for Teledyne to repair the engine, Stauffacher can not claim breach of warranty. Murray v. Holiday Rambler, Inc., 265 N.W.2d 513, 522 (Wis.1978); Carl v. Spickler Enterprises, Ltd., 478 N.W.2d 48, 52 (Wis.App.1991).
 
 
 5
 Stauffacher's remaining arguments do not merit separate attention. The judgment of the district court is AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Stauffacher briefly argues that because this court affirmed the first judgment on the sole ground of failure to prove damages that he is free to litigate the claims of fraud and so forth. This principle, however, applies to issue not claim preclusion, see Gray v. Lacke, 885 F.2d 399, 406 (7th Cir.1989); 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4421, at 192 (1981). Again, the bar to Stauffacher's new suit is claim preclusion