**R & B GROUP, INC., an Illinois corporation, Plaintiff,**

v.

**BCI BURKE COMPANY, INC., a Wisconsin corporation; Hanson Dodge, Inc., a Wisconsin corporation; and Altered Images, Inc., a Wisconsin corporation, Defendants.**

No. 96 C 2620.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 17, 1997.

John L. Huff, Huff & Gaines, Ltd., Chicago, IL, for BCI Burke Co., Inc.

Neal H. Levin, Neal H. Levin & Associates, P.C., Chicago, IL, for R & B Group.

Gregory Wille, Wrenn Wille & Gregory, Milwaukee, WI.

## ORDER

Ann Claire Williams, District Judge.

After carefully reviewing Judge Denlow's well-reasoned R&R, plaintiff R & B Group's objections and defendant BCI Burke's response, the court adopts the R&R in full and overrules R & B's objections as completely without merit. The court grants defendant BCI Burke's motion to stay proceedings, grants BCI's motion for summary judgment (provisionally), and denies R & B's motion for summary judgment. The parties should discuss settlement before the next court date.

## REPORT AND RECOMMENDATION

MORTON DENLOW, United States Magistrate Judge.

**TO: THE HONORABLE ANN C. WILLIAMS UNITED STATES DISTRICT JUDGE.**

Litigation run amuck! A contract dispute involving less than $100,000. Lawsuits involving the same dispute filed in Wisconsin and Illinois. Default judgment entered in Wisconsin. Appeals filed in Wisconsin. Now, discovery and numerous motions in Illinois. At least twenty-eight separate filings. Six inches of pleadings. Eight inches of exhibits. Extensive oral argument. Over $100,000 in legal fees to date. Time out! This is why the Supreme Court adopted the *Colorado River* abstention doctrine. The Court recommends that: 1) BCI Burke's renewed motion to stay proceedings be granted; 2) BCI Burke's motion for summary judgment on the doctrine of *res judicata* be provisionally granted, and 3) R & B's motion for summary judgment on the merits of its complaint be denied. The Court further recommends that the parties not spend any more money prosecuting this same action in two separate court systems. On Wisconsin!

## I. BACKGROUND FACTS

### A. The Wisconsin Litigation.

On April 11, 1996, BCI Burke Company, Inc. ("BCI"), a Wisconsin corporation with its principal place of business in Fond du Lac, Wisconsin filed an action in the Circuit Court of Fond du Lac County, Wisconsin, case number 96–CV–153, against R & B Group, Inc., ("R & B"), an Illinois corporation with its principal place of business in Chicago, Illinois and Altered Images Inc., ("AII"), a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin seeking a declaratory judgment and compensatory and consequential damages for breach of contract and conspiracy in connection with R & B's and AII's work on BCI's product catalog ("Wisconsin Litigation"). R & B was served with process on April 15, 1996.

### B. The Federal Litigation.

On May 1, 1996, R & B filed this suit against BCI, AII and Hanson Dodge, Inc., ("Hanson"), a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin, alleging that BCI breached written and oral contracts to pay R & B for the work on BCI's 1996 product catalog (Counts I and III), and also asserts claims against BCI for account stated (Count VI) and unjust enrichment (Count VII) arising from R & B's work on said catalog ("Federal Litigation"). BCI timely filed a motion to stay these federal proceedings asserting that the Wisconsin Litigation is a previously-filed "parallel case." BCI's and co-defendant Hanson Dodge, Inc.'s time to answer or otherwise respond to R & B's complaint has been extended until after the Court rules on the pending motions. Defendant AII has been voluntarily dismissed from this case.

### C. Three Orders and Two Appeals in the Wisconsin Litigation.

On May 6, 1996, R & B moved the Wisconsin Circuit Court to dismiss the Wisconsin Litigation for lack of personal jurisdiction. The Wisconsin court reviewed written submissions, conducted an evidentiary hearing and heard oral arguments on the motion to dismiss. The Wisconsin court determined that it had personal jurisdiction over R & B, denied R & B's motion to dismiss and issued its order on June 25, 1996. (See Ex. 2 to Certificate of Authentication filed 12/3/96). Not content with this ruling, R & B filed a petition for leave to appeal to the Wisconsin Court of Appeals. On July 31, 1996, the Wisconsin Court of Appeals denied R & B's petition. In the meantime, R & B failed to answer or otherwise plead to BCI's complaint.

On August 1, 1996, BCI moved the Wisconsin court to enter a default judgment against R & B. On August 8, 1996, R & B moved for an extension of time to answer, having filed an answer, counterclaim and third party complaint on August 7, 1996, without leave of court. Thereafter, the parties presented briefs and oral argument to the Wisconsin court on both motions.

On September 23, 1996, the Wisconsin court issued its opinion and order denying R & B's motion for an extension of time to answer and granting BCI's motion for entry of a default judgment against R & B concluding that the appeal did not act as a stay tolling R & B's obligation to file its answer no later than July 9, 1996. (Ex. 3 to Certificate of Authenticity).

On November 1, 1996, the Wisconsin court entered its Judgment Against Defendant R & B Group, Inc., specifically entering judgment in favor of BCI and against R & B as to Counts I through III of BCI's Wisconsin complaint, and declaring, ordering and adjudging "that plaintiff BCI Burke Company, Inc. has no obligation to pay any part of the sums demanded by defendant R & B Group, Inc. in connection with BCI Burke Company, Inc.'s 1996 product catalog." (Ex. 4 to Certificate of Authenticity). R & B filed a notice of appeal with the Wisconsin Court of Appeals from the November 1, 1996 judgment order. This appeal remains unresolved.

## D. Three Motions Pending Before This Court.

There are three pending motions. First, BCI has filed a renewed motion to stay proceedings predicated on the *Colorado River* doctrine. Second, BCI has filed a motion for summary judgment on the theory that the November 1, 1996 judgment entered in the Wisconsin Litigation is *res judiciata*. Third, R & B has filed a motion for summary judgment on the underlying merits of the litigation contending that it is entitled to judgment as a matter of law against BCI on its breach of contract, account stated and unjust enrichment claims. The Court will address each motion separately.

## II. COLORADO RIVER ABSTENTION APPLIES

 Federal courts possess a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Caminiti and Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698 (7th Cir.1992). A federal court may stay or dismiss a suit in exceptional circumstances when there is a concurrent state proceeding and the stay or dismissal would promote wise judicial administration. *Caminiti*, 962 F.2d at 700.

 The initial step in determining whether the *Colorado River* doctrine is applicable is to inquire whether the concurrent state and federal proceedings are parallel. *Id.* A suit is "parallel" when substantially the same

parties are contemporaneously litigating substantially the same issues in another forum. *Calvert Fire Ins. Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1229 n. 1 (7th Cir.1979). The parties agree that the Wisconsin Litigation and the Federal Litigation are parallel.

 The court must next determine whether exceptional circumstances exist that justify deference to the state court proceeding. There are at least ten factors that a court may consider in deciding whether exceptional circumstances are present: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *LaDuke v. Burlington Northern R.R.*, 879 F.2d 1556, 1559 (7th Cir.1989). No single factor is necessarily determinative. *Caminiti*, 962 F.2d at 701. Instead, the decision to stay or dismiss a federal action because of parallel state court litigation "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983).

 Applying these factors leads to the inescapable conclusion that exceptional circumstances exist which require that this action be stayed pending the final outcome of the Wisconsin Litigation. The Court believes the conservation of judicial resources and the parties resources requires a stay. The Wisconsin Litigation has resulted in a default judgment which is currently on appeal. A stay avoids piecemeal litigation and prevents the risk of inconsistent results. If the present action is not stayed, the parties

will simultaneously litigate identical claims in two different forums, which may be both "unseemly" and a "grand waste" of the efforts of the parties and the courts. *LaDuke v. Burlington Northern R.R. Co.*, 879 F.2d 1556, 1560 (7th Cir.1989). The reasons for a stay found by the Seventh Circuit in *Lumen Construction, Inc. v. Brant Construction Company, Inc.*, 780 F.2d 691, 696–698 (7th Cir.1985) and *Interstate Material Corporation v. City of Chicago*, 847 F.2d 1285, 1289–90 (7th Cir.1988) are equally applicable here:

1. The claims in the federal suit could be mooted by the prior pending Wisconsin Litigation;

2. If R & B wished, it could have pursued the same parties and claims in the Wisconsin Litigation;

3. The Wisconsin Litigation was filed first, R & B appeared in the Wisconsin Litigation before filing the Federal Litigation, and the Wisconsin Litigation has proceeded further;

4. A stay avoids the possibility of duplicative litigation, tension and controversy between the federal and state forums, hurried and pressured decisionmaking, and confusion over the rights of the parties;

5. The Wisconsin courts will be presumed to adjudicate all claims fairly;

6. A stay permits the advantage of bringing the case back before this Court if the need should arise; and

7. A stay, rather than a dismissal without prejudice, is the appropriate procedural mechanism to employ in deferring to a parallel state proceeding under the *Colorado River* doctrine.

The Wisconsin Litigation has resulted in a judgment which is currently on appeal, whereas, in the instant case, defendants have not even answered the complaint. Both cases involve issues of Wisconsin contract law and R & B has appeared in the Wisconsin Litigation in order to assert its rights. This case is duplicative of a pending state proceeding and therefore should be stayed. In those cases in which the Supreme Court has applied traditional abstention principles to damage actions, a federal court should "withhold action until the state proceedings have concluded." *Growe v. Emison*, 507 U.S.

25, 32, 113 S.Ct. 1075, 1080, 122 L.Ed.2d 388 (1993). As the Supreme Court recently stated "Burford might support a federal court's decision to postpone adjudication of a damages action pending the resolution by the state courts of a disputed question of state law." *Quackenbush v. Allstate Insurance Company*, 517 U.S. 706, ——, 116 S.Ct. 1712, 1728, 135 L.Ed.2d 1 (1996).

### III. SUMMARY JUDGMENT ON THE THEORY OF RES JUDICATA SHOULD BE PROVISIONALLY GRANTED

The default judgment entered in the Wisconsin Litigation is *res judicata* on the Federal Litigation. Because the default judgment is on appeal, the Court recommends that summary judgment be provisionally granted pending resolution of the appeal in the Wisconsin Litigation. In the event the judgment is reversed or vacated on appeal, *res judicata* would not apply.

28 U.S.C. § 1738 provides that the authenticated judicial proceedings of any state "shall have the same full faith and credit in every court within the United States … as they have by law or usage in the courts of such state … from which they are taken." Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments were entered. *Kremer v. Chemical Construction Corporation*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). There is an implicit notion of due process contained in the doctrine of *res judicata*. *Id.* 456 U.S. at 481, 102 S.Ct. at 1897. To qualify for the full faith and credit provided under § 1738, state proceedings "need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Id.* R & B has appeared through counsel in the Wisconsin trial and appellate courts with respect to the entry of the default judgment and this participation fulfills due process. R & B had the opportunity to raise its arguments before the Wisconsin trial court and is now pursuing an appeal to the

Wisconsin Court of Appeals. The Wisconsin appellate court will have the opportunity to fully consider R & B's arguments with respect to the validity of the default judgment and this Court will not engage in second guessing the rulings of either the Wisconsin trial or appellate courts. Congress has specifically required all federal courts to give preclusive effort to state-court judgments whenever the courts of the state from which the judgments emerged would do so. *Allen v. McCurry*, 449 U.S. 90, 96, 101, S.Ct. 411, 416, 66 L.Ed.2d 308 (1980).

The Court holds that the Wisconsin judgment is entitled to full faith and credit under 28 U.S.C. § 1738. The Court now examines whether Wisconsin · courts would give the judgment preclusive effect.

The Wisconsin Supreme Court has held that a default judgment is on the merits and is a basis for *res judicata* claim preclusion. *A.B.C.G. Enterprises, Inc. v. First Bank Southeast, N.A.*, 184 Wis.2d 465, 515 N.W.2d 904 (1994). In *A.B.C.G.*, the defendant mortgagee had previously obtained judgments of foreclosure against the plaintiff mortgagors. Thereafter, the mortgagors brought an action for damages against the mortgagee for misrepresentation, breach of contract and failure to manage the properties. The trial court granted the mortgagee's motion for summary judgment on the ground that the damage claims, because they could have been asserted as counterclaims in the foreclosure actions, were barred under the doctrine of *res judicata* by the prior mortgage foreclosure default judgments. As the Wisconsin Supreme Court explained:

> The doctrine of res judicata provides that a final judgment "... 'is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings.'" *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis.2d 306, 310, 334 N.W.2d 883 (1983). It is premised upon the maxim that litigation must come to an end so as to ensure fairness to the parties and sound judicial administration. Id. at 311, 334 N.W.2d 883. The doctrine is applied with a broad brush so as to achieve these goals. It embraces not only what has been litigated in previous proceedings, but also extends to issues that could have been litigated. The terms "res judicata," "issue preclusion," and "collateral estoppel" are sometimes used as if synonymous. Although the terms may be used interchangeably in some limited circumstances, the terms are generally different. Issue preclusion or collateral estoppel limits relitigation of issues that have actually been litigated in former proceedings. *Michelle T. v. Crozier*, 173 Wis.2d 681, 687, 495 N.W.2d 327 (1993). Claim preclusion or res judicata limits relitigation of issues that were or might have been litigated in former proceedings. *DePratt*, 113 Wis.2d at 310, 334 N.W.2d 883. Res judicata is the doctrine at issue in this case.

\* \* \* \* \* \*

We hold that ABCG was required to raise its present claims as counterclaims in the prior foreclosure proceedings. We base our holding on a "common-law compulsory counterclaim" rule which requires a defendant to counterclaim if its claim, when brought in a subsequent, separate action, would nullify the initial judgment or impair rights established in the initial action.

515 N.W.2d at 906–907.

In the Wisconsin Litigation, the trial court entered a default judgment on November 1, 1996 in favor of BCI and against R & B. This judgment stated in relevant part as follows:

> 2. That the plaintiff BCI Burke Company, Inc. have judgment against defendant R & B Group, Inc. on the plaintiff's third cause of action for declaratory judgment, and it is therefore hereby declared, ordered and adjudged that plaintiff BCI Burke Company, Inc. has no obligation to pay any part of sums demanded by defendant R & B Group, Inc. in connection with BCI Burke Company, Inc.'s 1996 product catalog.

Ex. 4 to Certificate of Authentication.

R & B's complaint before this Court seeks money damages against BCI on theories of breach of written contract (Count I), breach

of oral contract (Count III), account stated (Count VI) and unjust enrichment (Count VII). These claims are barred by *res judicata* as a result of the November 1, 1996 judgment in the Wisconsin Litigation. See also, *Klaus v. Vander Heyden,* 106 Wis.2d 353, 316 N.W.2d 664 (1982) (default judgment is *res judicata* as to all issues aptly pleaded in the complaint, and defendant is estopped to deny in future action any allegation contained in the former complaint). Because a Wisconsin court would give *res judicata* effect to the November 1, 1996 default judgment, this Court holds that BCI Burke is entitled to summary judgment with respect to R & B's claims against it because they are barred by the judgment.

However, because the November 1 judgment is on appeal to the Wisconsin Court of Appeals, summary judgment is provisionally entered so long as the November 1 judgment remains in fill force and effect. In the event the judgment is vacated or reversed, it will no longer be *res judicata* on these proceedings.

## IV. R & B's MOTION FOR SUMMARY JUDGMENT ON THE MERITS SHOULD BE DENIED

### A. Summary Judgment Standard.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *Celotex Corporation v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

When reviewing the record on summary judgment, the court must draw all reasonable inferences in the light most favorable to the nonmovant. *Hill v. Burrell Communications Group, Inc.,* 67 F.3d 665, 667 (7th Cir.1995). To avert summary judgment, however, plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89

L.Ed.2d 538 (1986). A dispute about a material fact is genuine only if the evidence presented is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A summary judgment proceeding is not a vehicle for the resolution of factual disputes; it is designed to determine whether there is any material dispute of fact that requires a trial. *Id.* If no reasonable jury could find for the party opposing the motion, it must be granted. *Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir.1995).

### B. Summary Judgment is Inappropriate Because Numerous Fact Questions Exist.

The facts in this case are hotly contested and very much in dispute. Among the fact questions are: 1) whether BCI accepted R & B's offer to perform computer and lithographic services; 2) whether there was any consideration between R & B and BCI; 3) whether there was a valid and enforceable contract between R & B and BCI; 4) whether R & B was to look to BCI to pay for services R & B performed; 5) whether R & B performed services on behalf of BCI relating to the production of the 1996 catalog; 6) whether BCI objected to the services performed by R & B; 7) whether there was an oral agreement between R & B and BCI; 8) whether R & B received authorization from BCI or its agents to perform the services; 9) whether BCI accepted R & B's revised quotation acknowledging an outstanding balance; 10) whether BCI approved all final films produced by R & B prior to the films being sent out for printing; 11) whether BCI breached the contract by non-payment for services; 12) whether R & B properly prepared the films. (See BCI Burke Company, Inc.'s Response to Plaintiff's Rule 12(m) Statement of Facts and accompanying affidavits). Rarely has a case been less ripe for summary judgment on the underlying facts. Accordingly, R & B's motion for summary judgment should be denied.

### V. CONCLUSION

This litigation is a mess. It does no honor to Rule 1 of the Federal Rules of Civil Proce-

dure which calls for the "just, speedy and inexpensive determination of every action." The Court has every confidence that the Wisconsin state courts will ably resolve all outstanding matters between the parties. Therefore, **the Court recommends that: 1) BCI Burke's renewed motion to stay proceedings be granted; 2) BCI Burke's motion for summary judgment on the doctrine of *res judicata* be provisionally granted so long as the November 1, 1996 default judgment entered in the Wisconsin Litigation remains in full force and effect; and 3) R & B's motion for summary judgment on the underlying merits be denied.**

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this notice. Failure to file objections with the specified time waives the right to appeal the Magistrate Judge's Report and Recommendation. See Fed.R.Civ.P. 72(b); 28 U.S.C. 636(b)(1)(B); *Lorentzen v. Anderson Pest Control,* 64 F.3d 327, 329 (7th Cir.1995); *The Provident Bank v. Manor Steel Corp.,* 882 F.2d 258 (7th Cir.1989).