**UNISYS MEDICAL PLAN, Plaintiff,**

v.

**Gary TIMM and Kandis Timm, Defendants.**

No. 95–C–517–S.

United States District Court, W.D. Wisconsin.

Jan. 24, 1996.

·Keri B. Goldstein, Chicago, IL, for Unisys Medical Plan.

Matthew A. Biegert, Doar, Drill & Skow, S.C., New Richmond, WI, for Gary Timm and Kandis Timm.

## MEMORANDUM AND ORDER

SHABAZ, Chief Judge.

Plaintiff Unisys Medical Plan, a self-funded employee welfare benefit plan, commenced this ERISA action to recover medical expenses paid on behalf of its plan member defendant Gary Timm. The matter is presently before the Court on plaintiff's motion for summary judgment. Jurisdiction is based upon 28 U.S.C. § 1331.

## FACTS

On January 30, 1991 while defendant Gary Timm was a participant in the plaintiff Unisys Medical Plan he was injured in an accident. Plaintiff paid $55,484.45 in medical expenses on behalf of defendant Gary Timm as a result of his injuries. The third party liability provision of the plan provides in relevant part:

> If payments are made by the Unisys Medical Plan and you receive a settlement or are otherwise compensated by·a third party as result of your injuries, you are required to reimburse the Unisys Medical Plan for the payments made from the plan.

In 1993 defendants commenced an action against John Roby, Dynamic Feeding Systems, Inc., Whispering Silos, Inc. and Rural Mutual Insurance Company in the Circuit Court for St. Croix, Wisconsin to recover damages for Gary Timm's injuries. On November 17, 1994 two of the defendants filed a third party complaint against Unisys Medical Plan which stated as follows:

> Third party defendant is being joined, pursuant to Wis.Stat. § 803.03(2) as a result of their claim for subrogation for payments · made on behalf of Gary Timm.

No claim was filed by the Timms against Unisys in the action. No answer to the third party complaint was filed by Unisys prior to February 16, 1995.

On February 16, 1995 Unisys moved for leave to file an answer to the third party complaint and a cross claim against the Timms. Its proposed cross claim made the following demand:

WHEREFORE, in the event Gary Timm recovers for his injuries of January 30, 1991 from the defendants in this case, Unisys Medical Plan moves this Court to judgment in its behalf enforcing its subrogation interest against Gary Timm in the amount of $55,484.45 and for such other and further relief as this Court deems warranted.

On May 3, 1995 the Timms settled with the state court defendants for $255,462.81. On May 22, 1995 the Circuit Court entered a stipulation and order for dismissal which provided that the action between Timms and the defendants would be dismissed with prejudice. The stipulation and order further provided:

Further, the plaintiffs agree to hold harmless and indemnify John Roby d/b/a K & R Farm Service and Rural Mutual Insurance Company and Whispering Silos, Inc. and Rural Mutual Insurance Company for any and all liability relating to a claim for subrogation including, but not limited to the claim by Unisys Medical Plan, a/k/a Unisys Benefit Payment Office, relating to the accident of January 30, 1991.

On August 31, 1995 the Circuit Court entered an order dismissing Unisys' answer to the third party complaint as untimely, entering default judgment against Unisys for failure to timely respond and implicitly denying Unisys the right to assert its cross claim against the plaintiff.

## MEMORANDUM

Plaintiff seeks summary judgment in the amount of medical expenses it paid on defendants' behalf, relying on the plain language of the plan and the undisputed fact that defendants settled an injury claim for more than the medical expenses paid by the plan as a result of the injury. Defendants challenge plaintiff's right to recover principally on the basis that the prior state court proceeding should act as a bar to this action. Defendants urge the Court to stay the action or alternatively to find waiver of the present claim based upon plaintiff's conduct in state court. Defendants also assert a right under Wisconsin law to reduce any recovery by one-third to compensate defendants for their attorney's fees in prosecuting the tort claim.

■ There being no dispute as to any material fact, this matter is subject to resolution on summary judgment. Rule 56(c), Federal Rules of Civil Procedure.

*Request For Stay.*

■ There is no basis to grant a stay because it would be appropriate to proceed in this Court regardless of the ultimate resolution of the state court action. There are two potential outcomes in the state court action. The court may affirm its prior ruling granting default judgment on the third-party complaint and denying Unisys the opportunity to proceed on its cross claim against plaintiff. Alternatively, the court may reconsider its prior order and grant plaintiff leave to proceed on its cross claim.

A reconsideration permitting plaintiff to proceed with its ERISA claim as a cross claim in state court would not be a basis for stay since the claim is based exclusively on federal law and this Court is in a position to resolve it without delay. There is no basis to defer to a state court which has invested no time or consideration in a strictly legal issue based on federal law.

■ Alternatively, if the state court enters judgment consistent with its prior ruling, such judgment would have no claim or issue preclusion effect on the pending claim. There is no need to await it. The Defendant correctly notes that Wisconsin has adopted the Restatement of Judgments transactional approach to claim preclusion embodied in §§ 24 and 25 of the Restatement (Second) of Judgments, *DePratt v. West Bend Mut. Ins. Co.*, 113 Wis.2d 306, 311, 334 N.W.2d 883 (1983). However, plaintiff and defendants having never been adversaries under the pleadings in the prior action, and no judgment having been entered involving a claim between them, the doctrine of claim preclusion is clearly inapplicable. The Restatement addresses this circumstance at § 38:

Parties who are not adversaries to each other under the pleadings in an action involving them and a third party are bound by and entitled to the benefits of issue preclusion with respect to issues they actually litigate fully and fairly as adversaries to each other and which are essential to the judgment rendered.

Comment a to section 38 further clarifies "Where no such pleadings have been interposed, the possibility of merger and bar by definition does not arise." *See also, Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir.1985)

■ Neither, of course, can·issue preclusion be asserted since the issue of plaintiff's subrogation or reimbursement right was never "actually litigated" in the state court action. *See* Comment e to § 27, Restatement (Second) of Judgments (Default judgment does not constitute actual litigation.) Indeed, the state court's refusal to permit plaintiff to proceed on its cross claim effectively precluded actual litigation of the issue.·

More fundamentally, the claim which plaintiff asserts in this case is a request for reimbursement which arose only after defendants received payment on their settlement. *Newport News Shipbuilding v. T.H.E Ins. Co.,* 187 Wis.2d 364, 523 N.W.2d 270 (Wis. App.1994). Such a claim could not reasonably be the subject of claim or issue preclusion based upon a failure to assert the claim in litigation prior to settlement. As a result of the state action plaintiff is precluded from asserting a subrogation claim against the third party plaintiffs in the state action based upon subrogation. It is not however precluded from pursuing its reimbursement ·rights against the plan beneficiary.

*Waiver or Estoppel.·*

■ Defendants assert they were mislead to believe that plaintiff did not intend to pursue its right to reimbursement by plaintiff's failure to answer the third party complaint in the state action. This argument is belied by the undisputed facts surrounding that litigation. It is undisputed that plaintiff attempted to assert as a cross claim its entitlement to any settlement proceeds months before the settlement was reached by defendants. Furthermore, the stipulated

order entered by the state court expressly recognized plaintiff's pending claim for reimbursement and provided that defendants were obligated to hold harmless state court defendants as to that claim. Clearly, defendants' assertion that they were unaware of plaintiff's continuing desire to pursue its claim is false. Defendants were well aware that plaintiff intended to continue to pursue its claim for. reimbursement. Accordingly, there is no rational basis to estop plaintiff from pursuing its claim.

*Reduction for Attorneys Fees.*

■ Defendants argue that if plaintiff is entitled to prevail on its claim, equity and Wisconsin law demand a one-third reduction in plaintiff's recovery to account for. defendants' expenses in obtaining the settlement. The Seventh Circuit Court of Appeals recently rejected the precise argument advanced by defendants.

Land acknowledged the Fund's right to ·reimbursement but maintained that its recovery should be discounted to reflect the legal fees incurred in procuring the settlement. Specifically, Land contended that under Illinois subrogation law, he would be entitled to reduce the fund's reimbursement by one-third. Because ERISA supersedes any and all state laws relating to covered plans however (*see* 29 U.S.C. § 1144(a)), this Illinois doctrine is not available to Land,· and the. terms of the plan require reimbursement of the entire amount without the deduction of any attorneys fees.

*Land v. Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Health and Welfare Fund,* 25 F.3d 509, 511 (7th Cir.1994) (citations omitted). The Court finds no basis to distinguish *Land* from the facts of this case.

CONCLUSION

■ Rights under an ERISA plan are in the nature of contractual rights. *Id.* at 514. In this case the plan was drafted to avoid any entanglement by the plan in tort litigation by expressly permitting the plan to "lay in the weeds" and allow its member plaintiffs to

pursue remedies as they see fit. There are advantages and disadvantages accruing to both parties as a result of this provision. But there is nothing inequitable or unlawful about the parties having so agreed. The plan provisions entitle the plan to do exactly what it did. Namely, await settlement by its member and seek reimbursement for the full amount of expenses it paid on behalf of the member for the injury which led to the settlement.

## ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment shall be entered in favor of plaintiff against the defendants in the amount of $55,-484.45 and costs.