**UNITED McGILL CORPORATION, Plaintiff,**

v.

**Sharon STINNETT, Defendant.**

**Civil No. AW–96–1402.**

United States District Court, D. Maryland.

Dec. 16, 1996.

Matt R. Ballenger, Baltimore, MD, for plaintiff.

Eric S. Slatkin and Robyn Behrman, Burtonsville, MD, for defendant.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Presently pending before the Court for consideration is Plaintiff's Motion for Summary Judgment. Defendant has filed a Response. Additionally, the Court held a hearing in this matter on December 10, 1996. After considering the entire file and listening carefully to oral arguments presented at the hearing, the Court finds that Plaintiff's Motion for Summary Judgment will be granted but modified in accordance with this opinion.

1. Both parties concede that the Employment Retirement Income Security Act 29 U.S.C. § 1001 *et seq.*, known as ERISA, governs the Plan.

2. The relevant provisions of the Plan reads as follows:

   **Refund to us for Overpayment of Benefits**
   If you or your dependent recover money for medical … expenses incurred due to an … injury for which a benefit has been paid under this plan, we have the right to a refund from you or your dependent. The amount refunded to us will be the lesser of:
   1. the amount you or your dependent recover;

## I. BACKGROUND

The following facts are undisputed. On or about May 5, 1993, Defendant, Sharon Stinnett, was involved in an automobile accident. Because Defendant was an employee of Plaintiff, United McGill Corporation, and participated in the United McGill Corporation Medical Benefit Plan ("the Plan"), the Plan paid $31,418.89 for Defendant's medical expenses that she incurred due to the accident.[1]

Subsequently, Defendant engaged an attorney and brought a negligence action against the driver responsible for the accident. Defendant eventually settled her claim against the driver for $100,000. Thereafter, Plaintiff perfected a lien on the settlement to recover the full amount due pursuant to its subrogation rights under the Plan.[2] Essentially, Defendant agrees that she must reimburse the Plan. However, Defendant argues that she should be permitted to reduce a *pro rata* share of the attorney fees from Plaintiff's claim.

Plaintiff filed the instant action with this Court on November 12, 1996. It requests this Court to do the following: (1) enter summary judgment against Defendant in the amount of $31,418.89 with no deduction for attorney fees; (2) award Plaintiff prejudgment interest at the rate allowed by law; and (3) award Plaintiff reasonable attorney fees and costs.

## II. SUMMARY JUDGMENT

Summary judgment will be granted when no genuine dispute of material fact exists and

2. the amount of benefits we have paid.
   **Right of Subrogation**
   If you or your covered dependent has a claim for damages or a right to recover damages from a third party or parties for any … injury for which benefits are payable under this plan, we are subrogated to such claim or right of recovery. Our right of subrogation will be to the extent of any benefits paid or payable under this plan, and shall include any compromise settlements.

the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The movant must demonstrate that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). While the Court views the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment, *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), the mere existence of a "scintilla of evidence" is not enough to frustrate the motion. To defeat it, the party opposing summary judgment must present evidence of specific facts from which the finder of fact could reasonably find for him. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512; *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

## III. *DISCUSSION*

The sole issue before the Court is whether Defendant is entitled to reduce her obligation to reimburse Plaintiff under the Plan by one-third for the attorney fees that she paid in obtaining the settlement. Both parties have cited and the Court has found cases that tend to support both positions. There are a few courts which have allowed a one-third or *pro rata* share to be deducted from the reimbursements owed to similar plans. *See Carpenter v. Modern Drop Forge Company,* 919 F.Supp. 1198, 1206 (N.D.Ind.1995); *Serembus v. Mathwig,* 817 F.Supp. 1414, 1423–24 (E.D.Wis.1992); *Dugan et al. v. Nickla,* 763 F.Supp. 981, 984–85 (N.D.Ill.1991); *Cutting v. Jerome Foods, Inc.,* 820 F.Supp. 1146, 1155 (W.D.Wis.1991). On the other hand, there are a number of courts that did not permit a reduction. *See Unisys Medical Plan v. Timm,* 917 F.Supp. 650, 653–54 (W.D.Wis.1996); *Blackburn v. Becker,* 933

F.Supp. 724, 729 (N.D.Ill.1996).[3] Indeed, it is obvious to the Court that there is a dispute among the district courts with respect to the issue before us. Most importantly, from the Court's review of the case law, the Fourth Circuit has not yet taken a definitive position on this issue.

One district court which did not permit a reduction appears to base its reasoning, in part, on the fact that the relevant language of the plan at issue was "straight forward." *Blackburn,* 933 F.Supp. at 729. More specifically, it stated that because the plan's reimbursement clause did not support permitting anything less than a full reimbursement, a reduction should not be allowed. *Id.* Additionally, the court supported its ruling with the notion that the reimbursement provision was "bargained for" by both parties. As a result, the court felt that there was no reason to "fiddle" with it.[4] *Id.*

On the other hand, the district courts which allowed the required reimbursements to be reduced by one-third or a *pro rata* share for attorneys' fees followed the reasoning first stated in *Dugan.* That case stood for the proposition that "had [the employee] not engaged an attorney and pursued his [or her] case, the [f]und would not have recovered any of the benefits paid . . . ." *Dugan,* 763 F.Supp. at 984–85; *See also Carpenter,* 919 F.Supp. at 1203–06; *Serembus,* 817 F.Supp. at 1423–24; *Cutting,* 820 F.Supp. at 1155. Moreover, this court stated that "[s]ince the [f]und benefits from [the employee's] pursuit of his [or her] case, one-third reduction of the [f]und's share of the [recovery] fairly apportions the attorney's fee." *Dugan,* 763 F.Supp. at 984–85; *See also Carpenter,* 919 F.Supp. at 1203–06; *Serembus,* 817 F.Supp. at 1423–24.

■ This Court finds the latter reasoning to be more persuasive in the case before it.

---

3. Plaintiff also cited *Land v. Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Health and Welfare Fund,* 25 F.3d 509 (7th Cir.1994). The Court, however, is in agreement with other courts that have found the language which pertains to the issue in the case before us to be dicta. As a result, that statement has no impact on this Court's decision.

4. Also, this court stated that it would be inconsistent for it to rule that ERISA preempts the Illinois common fund doctrine from allowing a reduction for attorney fees and then create a federal common law that would allow the same reduction. *Blackburn,* 933 F.Supp. at 729. This reasoning, however, would have no affect on this Court's decision because there is no preemption issue involved in the case at hand.

Here, Defendant sought the legal assistance of counsel to pursue a negligence claim against the driver who was responsible for her injuries. As a result of reaching a settlement, Defendant incurred attorney fees amounting to a standard one-third of her recovery. Because Plaintiff is entitled to a portion of the settlement, the Court believes that Plaintiff should share in the cost of obtaining the settlement. Indeed, this appears to be the fair, appropriate, and equitable determination under the circumstances of this case. Accordingly, the Court will allow Defendant to reduce Plaintiff's reimbursement by one-third for attorney fees.

■ Finally, as the Court indicated at the hearing, Defendant placed the reimbursement funds in escrow and relied in good faith on meritorious case law to support her request for the *pro rata* counsel fee reduction. For this reason, the Court will not award Plaintiff prejudgment interest or attorney fees.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment will be granted. Plaintiff must be reimbursed by Defendant pursuant to the relevant provisions of the Plan less $10,471.92, which reflects the one-third reduction for attorney fees. Judgment for $20,946.97 will be entered in favor of Plaintiff and against Defendant. An Order in accordance with this Opinion will follow.