Jerry D. SCHAEFFER, Plaintiff-Appellant, †

v.

STATE PERSONNEL COMMISSION, Department
of Military Affairs, and State of Wisconsin,
Defendants-Respondents.

Court of Appeals

*No. 88–1490. Submitted on briefs March 9, 1989.—Decided
April 6, 1989.*

(Also reported in 441 N.W.2d 292.)

† Petition to review denied.

133

For the plaintiff-appellant the cause was submitted on the briefs of *Jacqueline Macaulay* and *Borns, Macaulay & Jacobson,* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Bruce A. Olsen,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Jerry D. Schaeffer appeals from an order dismissing his petition for judicial review of a decision of the State Personnel Commission. The sole issue is whether the trial court erred as a matter of law when it ruled that a federal court judgment was *res judicata* on Schaeffer's handicap discrimination claim before the commission. We conclude that the trial court correctly decided the issue and affirm the order.

The basic facts are not in dispute. In early 1982, Schaeffer, a thirty-year member and employee of the Wisconsin Army National Guard, was notified by the guard's Board for Selective Retention—a body charged with making recommendations for retention or dismissal of certain officers with more than twenty years' service—that he would no longer be retained as a guard member. Dismissal from the guard also entailed loss of Schaeffer's job. He filed a complaint with the personnel commission claiming that the guard had unlawfully discriminated against him by reason of a handicap—his status as a recovering alcoholic—when it decided not to retain him.

Schaeffer's complaint alleged generally that he had always had a good performance record with the guard and that, after expressing concern to the Adjutant General about alcohol and drug abuse in the organization, acknowledging that he himself was a recovering alcoholic, and offering to develop a drug and alcohol abuse program for guard members, he soon became "isolated" in his employment, was denied a promised promotion, and eventually was terminated.

Under secs. 111.375(2) and 111.39(4)(b), Stats., an employment discrimination complaint filed with the personnel commission proceeds to hearing only upon a finding of probable cause to believe that discrimination has been committed. In this case, an "equal rights

officer" employed by the commission investigated Schaeffer's complaint and concluded that there was probable cause to proceed.

While the state proceedings were pending, Schaeffer sued the guard and its commanding officers in federal court, claiming that the organization had discriminated against him because of a perceived handicap—his status as a recovering alcoholic. The complaint alleged generally that, despite a good record, he became "isolated at work," was denied a promised promotion, and was eventually "nonretained" by the Board after his discussion with the Adjutant General about drug abuse in the guard and his own status as a recovering alcoholic and after offering to set up an alcohol and drug abuse program. He claimed that the guard's action in terminating him for those reasons was discriminatory and thus deprived him of his rights to free speech and equal protection under the United States Constitution. He sought a declaration to that effect together with reinstatement, promotion to a higher rank, backpay, damages for emotional distress and "physical injuries," punitive damages and attorney fees.

The guard moved for summary judgment dismissing the action. The motion was accompanied by affidavits and a set of "Proposed Findings of Fact." Schaeffer, electing to oppose the motion on legal grounds only, did not file any counteraffidavits or other proofs and agreed to all of the facts stated in the defendants' affidavits and proposed findings.

On November 10, 1986, the federal magistrate issued a recommended decision granting the guard's motion. The magistrate concluded that Schaeffer had not offered any facts in response to the defendants' motion from which a constitutional violation based on handicap discrimination could be inferred, and that

summary judgment was thus appropriate. According to the magistrate, the "undisputed evidence"—the proposed factual findings to which Schaeffer had agreed—established that only one member of the nine-member Board for Selective Retention was even aware of Schaeffer's status as a recovering alcoholic at the time of the vote not to retain him, and that that member never communicated this fact, or the fact of Schaeffer's offer to set up a drug and alcohol abuse program, to any other board member. As a result, the magistrate determined that, "[i]n light of the agreed facts," Schaeffer's termination "could not have been the product of the claimed constitutional deprivations"—each of which was grounded on Schaeffer's claim of handicap discrimination.

The district court adopted the magistrate's recommendation, holding that, despite "ample opportunity to conduct discovery to determine whether any evidence exists to support his claim of bias. . .[Schaeffer] does not suggest there is any." The court concluded that, even "[a]ssessing the undisputed facts and drawing all inferences. . .in the light most favorable to [Schaeffer]. . .no reasonable jury could find that the. . .Board was influenced by considerations of [his] status as a recovering alcoholic or his efforts to promote alcohol and drug abuse programs." The court adopted the magistrate's decision as its own and entered judgment dismissing Schaeffer's complaint.

Schaeffer appealed and, on October 14, 1987, the Seventh Circuit Court of Appeals affirmed the district court's decision on grounds that he had "submitted nothing to contradict defendants' affidavits which had punctured his claims. . .[and had] failed to produce any evidence to show that the. . .Board's decision not to retain him was biased in view of his past alcoholism and

desire to counsel National Guard members about drug and alcohol abuse."

During all this time, proceedings on Schaeffer's complaint to the personnel commission had been stayed at his request to allow him to pursue the federal court action. Schaeffer eventually asked the commission to revive his complaint and to set the matter for hearing. The guard moved to dismiss the proceedings on grounds that Schaeffer's handicap discrimination claim had been finally adjudicated adversely to him in the federal court action and the federal judgment was *res judicata* on his complaint to the agency. The commission granted the motion and Schaeffer petitioned for judicial review.

The circuit court granted the guard's motion to dismiss the petition, concluding that all requirements of *res judicata* were met, and rejecting Schaeffer's argument that dismissal of the commission proceedings would deny him the opportunity to litigate his claim in any forum. Other facts will be referred to below.

The parties, agreeing that no material facts are in dispute, also agree that we review *res judicata* rulings independently and may substitute our judgment for that of both the commission and the circuit court. *See DePratt v. West Bend Mut. Ins. Co.,* 113 Wis. 2d 306, 310, 334 N.W.2d 883, 885 (1983) (whether *res judicata* applies is a question of law and appellate court need not defer to the circuit court's determination).

Application of the doctrine of *res judicata* renders a final judgment "conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings." *DePratt,* 113 Wis. 2d at 310, 334 N.W.2d at 885 (footnote omitted). "A summary judg-

ment. . .is sufficient to meet the requirement of a con-
clusive and final judgment." *Id.* at 310–11, 334 N.W.2d
at 885 (footnote omitted). The purpose of the rule is to
prevent multiple litigation of the same claim, and it is
based on the assumption that fairness to the defendant
requires that at some point litigation involving the par-
ticular controversy must come to an end. *Id.* at 311, 334
N.W.2d at 885.

For the earlier action to bar the later, there must be
an identity of parties (or their privies) and an identity of
claims or causes of action in the two cases. *DePratt,* 113
Wis. 2d at 311, 334 N.W.2d at 885. Schaeffer does not
argue that the parties or the claims are different in his
state and federal actions, and he agrees that the facts
alleged in his claims in the two forums are the same. He
argues, however, that the "factual record"—the "opera-
tive facts"—were not the same in the two actions. In
order not to misstate the argument, we quote it in full:

> [The decisions of the commission and the circuit
> court] rest on a confusion between the set of *alleged*
> facts supporting a claim and the supported *factual
> record* actually before the decision-maker. Plaintiff
> concedes that *alleged* facts supporting his claims
> before the Commission and the federal court are the
> same. However, the federal court did not did not [sic]
> consider the *alleged* facts presented by plaintiff in his
> complaint to be part of the "record" before it. The
> federal court made its decision to grant the motion
> for summary judgment on the basis of a narrower set
> of facts which consisted of only those which it could
> glean from defendants' affidavits. In contrast, the
> Commission had before it the investigator's Initial
> Determination and the various communications and
> documents supporting that Determination. Plaintiff
> was not on [the] same footing before the federal court

as before the Commission, and the rule of res judicata therefore should not apply. [Emphasis in original.]

We have examined the record before the agency and, as Schaeffer suggests, it contains not only the equal rights officer's lengthy report of his investigation and his "initial determination" of probable cause, but also copies of the commission's various rulings in the matter and one or two pieces of correspondence. It is true that the investigative report refers to facts in addition to those brought before the court in the federal action in that it describes conversations the equal rights officer had with Schaeffer and other guard officers. But Schaeffer has not persuaded us that, as a result, the rule of *res judicata* cannot be applied.

Wisconsin follows the "transactional rule" of *res judicata* found in Restatement (Second) of Judgments secs. 24 and 25, at 196, 209 (1982):

> *Section 24* (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim. . .the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
>
> *Section 25* The rule of sec. 24 applies to extinguish a claim by the plaintiff. . .even though the plaintiff is prepared in the second action.
>
> (1) To present evidence or grounds or theories of the case not presented in the first action, or
>
> (2) To seek remedies or forms of relief not demanded in the first action.

*DePratt,* 113 Wis. 2d at 311-12, 334 N.W.2d at 886. Thus, for purposes of *res judicata,* "a basic factual situa-

tion generally gives rise to only one cause of action, no matter how many different theories of relief may apply. . . . The cause of action. . .is the fact situation on which [the first] claim was based." *Marshall-Wisconsin v. Juneau Square,* 130 Wis. 2d 247, 265–66, 387 N.W.2d 106, 114 (Ct. App. 1986) (footnote omitted), *aff'd in part, rev'd in part,* 139 Wis. 2d 112, 406 N.W.2d 764 (1987).

We have summarized the facts asserted by Schaeffer in both the federal court action and in his complaint to the personnel commission. In both cases he alleged that he had received good performance ratings before the disclosure of his past alcohol abuse, but afterward was given an adverse employment evaluation, lost a promised promotion and was eventually terminated. Applying a transactional analysis to the two actions, there is little doubt that Schaeffer's state claim arose out of the same events, and the same conduct of guard personnel, as did the federal action. And, as the Restatement indicates, neither the details of the claim nor the facts, evidence or theories of recovery, need be identical in order for the former action to bar the latter.

Schaeffer contends, however, that we should not apply the rule because: (1) the "merits of [his] claim have not been fully litigated"; (2) his right to a hearing under ch. 111, Stats., should not be "extinguished" by the judgment in the federal action; and (3) application of the rule "violates policies underlying federal anti-discrimination laws."

As to the first, we agree with Schaeffer that *res judicata* should not be applied "in such a fashion as to deprive a party of the opportunity to have a full and fair determination of an issue." *Desotelle v. Continental Cas.*

141

*Co.,* 136 Wis. 2d 13, 22, 400 N.W.2d 524, 527 (Ct. App. 1986). But we also agree with the federal district court that Schaeffer was not deprived of that opportunity—that he had "ample opportunity" to discover and present to the court whatever facts he desired in opposition to the guard's summary judgment motion. As Schaeffer notes in his brief, he elected to rely solely on legal arguments to defeat the guard's summary judgment motion, admitting all facts offered by the guard. Now he maintains that he was "caught by surprise" when the magistrate, the district court, and finally the Seventh Circuit Court of Appeals applied the law to those agreed facts in a manner adverse to his claims.

Schaeffer declined to conduct discovery in the federal action, declined to file affidavits in opposition to the guard's motion, and, as the district court noted, neither challenged "the underlying facts found by the magistrate" nor came forth with any facts of his own "showing that there [was] a genuine issue for trial." On this record, he has not persuaded us that he was deprived of the opportunity to present his claim to an appropriate tribunal.

Schaeffer next points to language in sec. 111.39(4)(b), Stats., indicating that when the commission finds probable cause and is unable to resolve the problem informally, it "shall issue" a notice of hearing. He maintains that because a probable cause determination was made by the equal rights officer prior to his pursuit of the federal court action, the statutory language gives him a "right" to a hearing which is unaffected by the federal court decision and which cannot be barred by *res judicata.* He offers no authority for the proposition, however, and given our conclusion that he was not deprived of the opportunity to submit the facts

establishing his claim to the federal court, we see no merit in the argument.

Schaeffer next contends that application of *res judicata* in this instance violates the policy underlying Title VII of the Civil Rights Act of 1964, 42 U.S.C., sec. 2000e-7, that nothing in the federal act "shall be deemed to exempt or relieve any person from. . .liability. . .provided by any. . .law of any State. . .." He suggests (and we agree) that a claimant is not required to elect between state and federal discrimination remedies, but is free to pursue them independently. We disagree, however, with his assertion that we would be imposing such an "election of remedies" requirement should we affirm the circuit court in this case. It may be, as Schaeffer suggests, that he did not anticipate the result he ultimately received when he chose to move his claim from the personnel commission to federal district court. But imposing *res judicata* as a bar to resumption of the commission proceedings after the adverse federal decision does no violence to the "independent action" principles underlying Title VII where, as here, all of the elements of the doctrine are met—identity of parties and issues, and, most importantly, the opportunity to litigate them in the former proceeding.

Finally, Schaeffer suggests in his reply brief that the federal court summary judgment cannot have any preclusive effect on the state agency proceedings because the statutes governing those proceedings do not provide for summary judgment, but rather contemplate hearings by the agency. He includes in an appendix to the brief a memorandum decision of a state agency hearing examiner declaring that his agency had no power to grant

summary judgment. We will not, as a general rule, consider arguments raised for the first time in a reply brief, *In Matter of Estate of Bilsie,* 100 Wis. 2d 342, 346 n. 2, 302 N.W.2d 508, 512 (Ct. App. 1981), and we see no reason to depart from that rule in this case.

*By the Court.*—Order affirmed.