Rufus West, Plaintiff-Appellant,
v.
Paulino Belgado, Gary McCaughtry, Jeffrey Endicott, Lisa R. Davidson, Sharon Zunker, George Daley, Ave Bie, William (CCE), Beth Dittmann, Jane Doe WCI Pharmacist, DCI Infirmary John Doe, Bridgwater, Pat Sleeziag, Jon Litscher, Tim Douma, Gallager, Cindy O'Donnell, UWHC, John/Jane Does UWHC, John Doe Medical Ins. Co. and John and Jane Does, Defendants-Respondents.
No. 03-3288.
Court of Appeals of Wisconsin.
Opinion Filed: March 17, 2005.
Before Deininger, P.J., Dykman and Vergeront, JJ.
¶1 PER CURIAM.
Rufus West, pro se, appeals from the circuit court's order dismissing his action against employees of the Wisconsin Department of Corrections, various medical providers, and several Jane and John Does. The issue is whether West is barred from bringing this action by the doctrines of claim and issue preclusion. We conclude that he is and affirm.
¶2 West sued most of the people who are parties to this action in federal court, arguing that his constitutional rights were violated when prison officials and healthcare workers intentionally and negligently provided him poor medical care, thus injuring him. The federal court dismissed part of West's suit on summary judgment, but allowed three claims to proceed to trial. The jury returned a verdict in favor of the defendants on the remaining claims. West then brought this action in state court, alleging medical malpractice based on the same set of facts from which the federal court case arose. The circuit court dismissed the case.
¶3 Under the doctrine of claim preclusion, "a final judgment is conclusive in all subsequent actions between the same parties as to all matters which were litigated or which might have been litigated in the former proceedings." Lindas v. Cady, 183 Wis. 2d 547, 558, 515 N.W.2d 458 (1994) (citation omitted). Claim preclusion bars a subsequent action if: (1) there is identity between the parties or their privies in both suits; (2) the prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) there is an identity of causes of action in the two suits. Sopha v. Owens-Corning Fiberglass Corp., 230 Wis. 2d 212, 233-34, 601 N.W.2d 627 (1999). West's action is barred as to most of the defendants under the doctrine of claim preclusion because these three criteria are met. There is an identity of the parties or their privies between this suit and the federal suit, there was a final judgment on the merits in the federal court, and there is an identity of causes of action because the same factual situation gives rise to both suits. See Schaeffer v. State Pers. Comm'n, 150 Wis. 2d 132, 140-41, 441 N.W.2d 292 (Ct. App. 1989) (holding that causes of action are identical for purposes of claim preclusion if the same basic factual situation is the basis of the cause of action, "no matter how many different theories of relief may apply").
¶4 To the extent West has added new defendants to this cause of action who were not named in the federal suit, his claims as to those defendants are barred under the doctrine of issue preclusion, which prevents "relitigation of issues that have actually been litigated in a previous action." Lindas, 183 Wis. 2d at 558. "Unlike claim preclusion, an identity of parties is not required." Id. West's claims against the new defendants fail because his assertion that he is entitled to relief because medical treatment was intentionally and negligently withheld from him was already raised and decided in federal court.
By the Court.  Order affirmed.