James B. Froelich and Marlene A. Froelich, Plaintiffs-Respondents,
v.
Mary L. Stelzer and Lawrence Stelzer, Defendants-Appellants.
No. 2003AP3156.
Court of Appeals of Wisconsin.
Opinion Filed: April 13, 2005.
Before Brown, Nettesheim and Snyder, JJ.
¶1 PER CURIAM.
Mary Stelzer and Lawrence Stelzer (Stelzer) appeal from an amended judgment rescinding a land contract with James and Marlene Froelich (Froelich) because Lawrence Stelzer defaulted on his payments under the contract. Because we conclude that the circuit court properly exercised its discretion in granting rescission, we affirm.
¶2 In 1997, Froelich sold a parcel of property on a land contract to Lawrence Stelzer for $10,000. The contract obligated Stelzer to make annual payments of $2000 for five years plus interest. Stelzer's mother, Mary, made the first three annual payments. In July 2000, Froelich approached Lawrence Stelzer about the delinquent July 2000 payment. Stelzer responded that he still wanted the property, but he did not offer any explanation for the delinquent payment or any assurance that the payment would be forthcoming. Froelich offered to let Stelzer defer purchasing the property under the contract. Stelzer did not respond. Froelich never received the July 2000 payment.
¶3 In December 2000, Froelich contacted Mary Stelzer to advise that the contract was terminated and that her previous payments would be refunded. Froelich rejected Mary Stelzer's offer to pay the contract in full and he returned a check he received from her around that time. Froelich then sued for rescission of the land contract.
¶4 The court found that it was undisputed that Froelich and Lawrence Stelzer met in July 2000 to discuss the delinquent payment and that the July 2000 payment was not made. The court deemed Froelich's contention that he contacted Stelzer regarding the delinquent July 2000 payment more credible than Stelzer's contention that Froelich contacted him in July 2000 to thank him for the payment. The court found that Stelzer relied upon his mother to make the payments under the contract.
¶5 After finding that Stelzer did not make the July 2000 payment, the circuit court turned to Froelich's request for the equitable remedy of rescission. The court considered the history of relatively timely payments, the absence of a "time is of the essence" clause in the contract, and whether the delay in making the fourth payment was reasonable. The court determined that Stelzer substantially and materially breached the contract when he did not make the fourth payment or respond to Froelich's inquiries about the missing payment even after reaffirming his interest in completing the contract to gain legal title to the property. Froelich waited five months for the fourth payment and then sought his remedy. The court noted that Stelzer did not protect his interest in the property by finding out why the July 2000 payment had not been made on his behalf. The court found that the equities favored Froelich and ordered rescission of the land contract. Stelzer appeals.
¶6 Whether to grant rescission of a land contract is within the circuit court's discretion. Mueller v. Michels, 184 Wis. 324, 341, 197 N.W. 201, 199 N.W. 380 (1924). Rescission of a contract is an equitable remedy. Whipp v. Iverson, 43 Wis. 2d 166, 168, 168 N.W.2d 201 (1969). We will uphold the circuit court's discretionary decision if the court applied the proper legal standards to the facts of the case in a reasoned process evident in the record. Gaertner v. 880 Corp., 131 Wis. 2d 492, 498, 389 N.W.2d 59 (Ct. App. 1986).
¶7 The circuit court's findings of fact are not clearly erroneous. See Wis. Stat. § 805.17(2) (2003-04). It was for the court, as the fact finder, to assess the witnesses' credibility. Village of Big Bend v. Anderson, 103 Wis. 2d 403, 410, 308 N.W.2d 887 (Ct. App. 1981).
¶8 Stelzer argues that rescission was inappropriate because his breach was not substantial for two reasons: (1) the land contract did not make time of the essence and (2) Froelich previously accepted payments which were a few days late.
¶9 To justify rescission, the breach must be so serious as to destroy the essential objects or purposes of the contract. Wis JICivil 3076. Froelich waited five months for the July 2000 payment. Stelzer cites no authority for his view that if the land contract does not make time of the essence, no amount of delay can justify the remedy of rescission. The circuit court correctly viewed Stelzer's delay of one-fifth of the consideration under the land contract as substantial. Furthermore, a five-month delay is more substantial than the few-days delay Froelich previously tolerated. The delay in the July 2000 payment destroyed the essential purpose of the contract for Froelich: to receive payments over five years for land sold to Stelzer on a land contract. Stelzer's breach was substantial.
¶10 Even though the land contract did not contain a time is of the essence clause, "time may be made of the essence after breach of the contract by reasonable notice to the person in default to perform." Ochiltree v. Kaiser, 20 Wis. 2d 191, 197, 121 N.W.2d 890 (1963). Froelich gave Stelzer notice of the default in July 2000 and inquired about Stelzer's intentions. As a result, time became of the essence, and Stelzer still did not perform. Equity will not reward Stelzer for failing to redress his default and chastise Froelich for seeking a remedy for that default.
¶11 Stelzer cites Peyer v. Jacobs, 275 Wis. 364, 82 N.W.2d 202 (1957), for the proposition that a vendor breaches the land contract when the vendor fails to notify the vendee of an intention to rescind with a formal deadline after the vendee's delayed performance. Peyer is distinguishable because in that case, the vendor and vendee agreed to extensions of the payment deadline, and the court concluded that the vendor could not sell the property to a third party before informing the vendee that no further extensions would be granted. Id. at 366-67. Here, in contrast, Froelich offered in July 2000 to work with Stelzer, which might have resulted in a formally extended payment deadline. Instead, Stelzer did not respond to Froelich's offer.
¶12 Stelzer argues that the circuit court improperly disregarded his interest in the property under the doctrine of equitable conversion. The doctrine of equitable conversion provides that "[b]y execution of a land contract, the vendee becomes the owner of the land in equity, while the vendor retains legal title to secure the balance due on the purchase price." Kallenbach v. Lake Publ'ns, Inc., 30 Wis. 2d 647, 651, 142 N.W.2d 212 (1966). In the event of a default, the vendor may choose to declare the contract at an end. Id. Here, the circuit court found a default, and the remedy of rescission was appropriate.
¶13 We are mindful of the rights of a land contract vendee who has made payments under the land contract. But, where the record demonstrates that the vendee failed to make the required payment under the contract and did not seek to protect his rights in the land contract in a reasonable and timely way, the circuit court may weigh the equities and exercise its discretion to grant the remedy of rescission. The circuit court properly exercised its discretionary authority in this case.
¶14 In the reply brief, Stelzer argues that a period of redemption should have been allowed. Stelzer did not raise this argument in the appellants' brief in any adequate manner, and we do not consider arguments raised for the first time in a reply brief. Schaeffer v. State Pers. Comm'n, 150 Wis. 2d 132, 144, 441 N.W.2d 292 (Ct. App. 1989).
By the Court. Judgment affirmed.