STATE of Wisconsin, Plaintiff-Respondent,

v.

Charles W. ADAMS, Defendant-Appellant.†

Court of Appeals

*No. 2014AP1158–CR. Submitted on briefs February 16, 2015. —Decided March 11, 2015.*

2015 WI App 34

(Also reported in 863 N.W.2d 640.)

† Petition for Review denied June 12, 2015.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Peter R. Heyne* of *Heyne Law Office*, Green Bay.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas J. Balistreri*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. NEUBAUER, P.J.   Charles Adams was convicted of capturing a representation that depicts nudity without the knowledge or consent of the person who is depicted nude, *see* WIS. STAT. § 942.09(2)(am)1. (2013–14),[1] following a guilty verdict by a jury, for videotaping his sexual activity with a prostitute. Adams argues that he had a legitimate reason to videotape the woman, to memorialize their illicit encounter in case she overdosed on drugs or later accused him of beating her up. Adams cannot use his choice to surreptitiously videotape a nude person with whom he was engaging in criminal activity as a shield against further crimes. The victim did not relinquish her reasonable expectation of privacy by engaging in commercial sexual activity. Recording a nude person for legitimate reasons is not an element the State has to disprove, and Adams's reasons are no defense to the crime. We affirm.

## BACKGROUND

¶ 2.   Prior to trial, Adams moved to dismiss the complaint, arguing that the woman who was recorded nude while engaging in the illegal act of prostitution had no reasonable expectation of privacy. On appeal, he argues that the circuit court erred in denying his motion to dismiss. Adams argues that, as a matter of law, a prostitute does not have a reasonable expectation of privacy with regard to being videotaped in the nude during commercial sexual activity.

---

[1] All statutory references are to the 2013–14 version of the Wisconsin Statutes unless otherwise indicated.

¶ 3. Before the circuit court and on appeal, Adams relies on the facts set forth in the amended criminal complaint. Police executed a search warrant of Adams's truck and found numerous electronic video recordings of Adams engaging in sexual activity with various women. In the video that is the subject of Adams's conviction, police recognized the location as a hotel at which Adams had stayed between October 26, 2010, and November 25, 2010. Police had a tip regarding the identity of the woman in the video, and when police met with her she identified Adams as a man who had hired her for sexual activity in November 2010 at that same hotel. The video shows the woman nude and involved in sexual activity with Adams. It appears that the activity was captured via a laptop computer that was on a desk or dresser. The woman did not consent to the recording.

## DISCUSSION

¶ 4. WISCONSIN STAT. § 942.09(2)(am)1. prohibits anyone from (1) video recording a person in the nude, (2) without that person's knowledge or consent, (3) in circumstances where the nude person has a reasonable expectation of privacy, and (4) when "the defendant knew or had reason to know that the nude person did not know of and did not consent to the recording." *State v. Jahnke*, 2009 WI App 4, ¶ 5, 316 Wis. 2d 324, 762 N.W.2d 696. Application of a statute to undisputed facts is a question of law we review without deference to the circuit court. *Id.*, ¶ 4. Additionally, statutory interpretation presents a question of law we review de novo. *State v. Nelson*, 2006 WI App 124, ¶ 18, 294 Wis. 2d 578, 718 N.W.2d 168.

¶ 5.   Adams first argues that the woman did not have a reasonable expectation of privacy while nude in the hotel room with him because she was a prostitute and Adams was paying her to engage in sexual activity.[2] Permission to be viewed in the nude does not mean permission to be recorded in the nude, *see Jahnke*, 316 Wis. 2d 324, ¶¶ 12, 19, and permission to engage in sexual acts with someone does not mean permission to record that person in the nude.

> By placing limits on the ability of others to record, the statute protects a person's interest in limiting, as to time, place, and persons, the viewing of his or her nude body. It follows that the pertinent privacy element question is whether the person depicted nude had a reasonable expectation, under the circumstances, that he or she would not be recorded in the nude.

*Id.*, ¶ 9. That Adams and the woman were engaged in the crime of prostitution does not mean that the woman relinquished her reasonable expectation of privacy under Wis. Stat. § 942.09(2)(am)1.

¶ 6.   Adams maintains that he was justified in videotaping the woman without her consent because she was a prostitute and might, during their illegal sexual encounter, overdose on illegal drugs or accuse

---

[2] Although a person who engages in commercial sexual activity has no constitutional right to privacy to shield their activities from government intrusion, *City of Madison v. Schultz*, 98 Wis. 2d 188, 204–05, 295 N.W.2d 798 (Ct. App. 1980), the statute does not incorporate the constitutional right to privacy, but rather a right to privacy as commonly understood by its terms, *State v. Nelson*, 2006 WI App 124, ¶¶ 19–33, 54, 294 Wis. 2d 578, 718 N.W.2d 168. We need not balance the government's interest in law enforcement against a person's right to privacy because it is not the government that is invading that right. *Id.*, ¶ 24.

him of battery. Adams contends he needed the video-tape to defend himself against a potential false accusation of abuse or an appearance of involvement in a drug overdose. In effect, Adams argues that there is an exception or defense to the reasonable expectation of privacy prong of the statute when an offender has a legitimate reason to videotape a nude person without that person's consent. *See Nelson*, 294 Wis. 2d 578, ·¶¶ 18, 24.

¶ 7.   Adams's reliance on the "legitimate reason" language in *Nelson* is misplaced. The *Nelson* court said that the evident purpose of WIS. STAT. § 942.09 is to penalize those who invade the privacy of persons who are depicted nude "when the offenders have no legitimate reason for doing so." *Nelson*, 294 Wis. 2d 578, ¶ 24. But the court quickly added that "the legislature has already made the judgment that, in the circumstances described in the statute, the offender does not have a legitimate interest in capturing representations depicting nudity." *Id. Nelson* did not add a "legitimate reason" exception to the reasonable expectation of privacy prong of the statute. And Adams's reasons do not provide factual or legal support for any such defense. "It is no defense to a prosecution for a crime that the victim was also guilty of a crime . . . ." WIS. STAT. § 939.14. Recording someone nude in violation of § 942.09(2)(am)1. in order to protect against possible adverse scenarios is not a legitimate reason or defense. Furthermore, there is no evidence that Adams made the recording for the purpose of self-protection.

¶ 8.   Finally, we briefly address Adams's half-hearted argument that the woman consented or relinquished her expectation of privacy because the laptop computer that was recording her was in view. Adams

771

raises this issue for the first time in his reply brief. *See Schaeffer v. State Pers. Comm'n*, 150 Wis. 2d 132, 144, 441 N.W.2d 292 (Ct. App. 1989) (argument raised for first time in reply brief generally not considered). Furthermore, the jury found that there was no knowledge or consent, and Adams does not challenge that finding or raise any sufficiency of the evidence argument.

*By the Court.*—Judgment affirmed.