COURT OF APPEALS
DECISION
DATED AND FILED

September 16, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2020AP1480**

**STATE OF WISCONSIN**

Cir. Ct. No.  2018CV359

**IN COURT OF APPEALS
DISTRICT IV**

ESTATE OF KENNETH D. PALMER,

   PLAINTIFF-RESPONDENT,

 V.

ROGER A. PALMER,

   DEFENDANT-APPELLANT,

ANNA ZACHOW AND GOYKE & TILLISCH LLP,

   DEFENDANTS.

APPEAL from a judgment of the circuit court for Portage County: ROBERT J. SHANNON, Judge. *Affirmed*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Roger Palmer appeals a circuit court judgment that partitioned a parcel of real property between Roger and the estate of his brother, Kenneth Palmer.  Roger and the estate dispute whether Roger is the sole owner of the property.  Roger argues that the circuit court erred by relying on an invalid 2006 deed to conclude that the parties own the property as tenants in common.  We affirm.

¶2    In 2000, Roger and Kenneth and their father, Daniel Palmer, took title to the property as joint tenants.  In 2005, Daniel experienced health problems and executed a power of attorney naming Kenneth as his primary agent.  Daniel's health continued to decline, and he was admitted to a nursing home.

¶3    In 2006, Roger and Kenneth executed a deed quitclaiming Daniel's interest in the property to themselves.  Kenneth signed the deed for himself and for Daniel as Daniel's agent under the power of attorney.  Roger also signed the deed. Daniel passed away later in 2006.

¶4    Kenneth passed away in 2016.  His estate brought an action against Roger and requested a determination of the estate's interest in the property.  The estate also requested partition or sale of the property.  Relying on the 2006 deed, it claimed that Roger and the estate each owned an undivided one-half interest in the property as tenants in common.  Roger disagreed, arguing that the 2006 deed was invalid, that Roger and Kenneth remained joint tenants in the property after Daniel died, and that Roger was the sole surviving joint tenant and became the property's sole owner after Kenneth died.  Both parties moved for summary judgment.

¶5 The circuit court concluded that the 2006 deed was valid and that the deed conveyed the property to Roger and Kenneth as tenants in common. The court determined that Daniel's power of attorney authorized Kenneth to convey Daniel's interest in the property to Roger and Kenneth. The court relied on Paragraph 35 of the power of attorney, which authorized Daniel's agent to gift assets to Daniel's sons for the purpose of qualifying Daniel for long-term care benefits under Title XIX. In arguing to the contrary, Roger relied on Paragraph 34, which limited the agent's authority to make charitable gifts to $15,000 per year or the amount of the federal gift tax exclusion that year, whichever was greater. The court rejected Roger's argument that the broad grant of authority provided to Kenneth under Paragraph 35 was limited by the dollar amount set forth in Paragraph 34. Accordingly, the court entered summary judgment in favor of the estate.

¶6 On appeal, Roger renews his argument that Kenneth lacked authority to convey Daniel's interest in the property under Paragraph 34 of the power of attorney. Roger contends that, absent such authority, the 2006 deed was invalid. We reject Roger's reliance on Paragraph 34 for two reasons.

¶7 First, Roger's brief-in-chief fails to address Paragraph 35 in arguing why he, not the estate, is entitled to summary judgment. *See* ***Olson v. Town of Cottage Grove***, 2008 WI 51, ¶ 34, 309 Wis. 2d 365, 382, 749 N.W.2d 211, 220 (a circuit court's decision granting summary judgment is subject to de novo review). Although Roger raises arguments addressing Paragraph 35 in his reply brief, those arguments come too late. As a general rule, we do not consider arguments raised for the first time in a reply brief. ***Schaeffer v. State Pers. Comm'n***, 150 Wis. 2d 132, 144, 441 N.W.2d 292 (Ct. App. 1989). We have explained that "[i]t is inherently unfair for an appellant to withhold an argument from its main brief and argue it in its reply brief because such conduct would prevent any response from the

opposing party." *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998).

¶8      Second, the primary argument Roger advances in his reply brief regarding how to interpret Paragraphs 34 and 35 together is not persuasive. Roger argues that Paragraph 34 should be controlling over Paragraph 35 because Paragraph 34 is the more specific provision and limits gifts to a particular amount each year; Paragraph 35, by contrast, contains no express limitation on the amount of gifts. We disagree with Roger's interpretation. Interpreting the two provisions together, it is apparent that Paragraph 35 is an exception to Paragraph 34 for purposes of long-term care planning that supersedes the limitations in Paragraph 34 that would otherwise apply. As the circuit court stated, Paragraph 35 "provides significant discretion to … the agent to make gifts irrespective of paragraph 34's limitation if done for the purposes of reducing Daniel's assets otherwise countable in Title [XIX] eligibility determination." The circuit court's interpretation of the power of attorney is the only reasonable one.

        *By the Court.*—Judgment affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).